## ADOUE & LOBIT AND M. MARX V. E. S. JEMISON & CO.

### (Case No. 1893)

1. JUDICIAL COGNIZANCE—PRACTICE—This suit was brought to foreclose a lien on certain property. The property was seized under attachments sued out in other causes, plaintiffs in this action not being parties. The court took notice of the pendency of this suit and ordered the attached property to be sold, and the proceeds paid into court to await the result of this action. *Held:* That the action of the court was an irregularity which could not be raised on this appeal.

2. ERROR—CURED BY VERDICT—An error of the court in leaving the construction of a written contract to the jury can be cured by its verdict. (See opinion.)

3. LIEN HOLDERS—ATTACHMENT—The interest conferred by a lien upon property is not subject to attachment. The creditors of a mortgagee can acquire by attachment no title to the property mortgaged.

4. MORTGAGEE—ATTACHING CREDITORS—REGISTRATION—Failure to record a mortgage could not avail attaching creditors of the mortgagee who should seek to subject his interest in the mortgaged property to the satisfaction of their claim.

5. FACTS CONSTITUTING MORTGAGE—An agreement between A. and his creditors, B. and C., stipulated that B. should advance money sufficient to enable A. to cultivate his plantations for a year: that B. should have the privilege of disposing of the crop; and that the proceeds should be applied to the payment of A.'s debts to B. and C.—the method of distribution being specified. *Held,* that the agreement was a mortgage.

6. HOLDER OF LIENS—ATTACHING CREDITORS—A. held different liens, all of which had affected certain property before attachment liens of B. and C. attached thereto. *Held,* that B. and C. could not complain at the enforcement by A. of either or all of his liens for the satisfaction of his claim.

APPEAL from Galveston. Tried below before the Hon. Wm. H. Stewart.

By an agreement of February 11, 1880, between M. L. Weems, Wm. Hendley & Co. and P. J. Willis & Bro., Hendley & Co. contracted to make cash advances to Weems, to enable him to cultivate the two plantations, "Riverside" and "Cedar Grove," during the year 1880. Weems was to "make the crop," and Hendley & Co. were to have

the disposal of it.    The proceeds of the sale of the crop were to be applied to the payment of Weems' debt to Hendley & Co. and to P. J. Willis & Bro.; the method of distribution between them being specified.

Afterwards, on September 13, 1880, Weems executed a deed of trust to Hendley & Co., upon the crop of 1880, for the better security of the money advanced by them during 1880, and also for the security of Weems' note, of July 1, 1879, for $10,665.59, executed to Hendley & Co. In order to carry out their part of the above contract, Hendley & Co. procured from Jemison & Co. all money necessary to be advanced to Weems, securing Jemison & Co. for the loan by transferring to them all securities then held by them against Weems, and agreeing to so transfer all securities which they should thereafter receive from him.

On March 24, 1881, this suit was filed by Jemison & Co. against Hendley & Co. (composed of H. H. Sears and N. N. John) to recover $10,869.41, that being the amount advanced them by Jemison & Co., for the use of Weems; and, also, for the foreclosure of their liens on the crop referred to, and certain real and personal property transferred to and held by them as security for such advances.    At the same time the suit was filed, an injunction was asked to restrain the sheriff of Brazoria county from selling certain sugar and molasses, a portion of Weems' crop, and covered by the securities in the hands of Jemison & Co., which had been seized under attachments sued out by Adoue & Lobit, February 7, 1881, and by M. Marx, February 10, 1881. The temporary injunction granted was afterward dissolved, and the sheriff instructed to proceed with the sale, and to deposit its proceeds in the registry of the court, there to be kept "to abide the decision in cause No. 10,485 (Jemison & Co. v. Hendley & Co.), and such further order as the court might make, touching the disposition of the property"; the court taking judicial cognizance of the pendency of this suit.    The trial resulted in a verdict, that the property sold belonged to Weems, and judgment for Jemison & Co. for the amount of the proceeds.    This statement, supplemented by facts referred to in the opinion of the court, presents a history of the controversy, as between Jemison & Co. and Adoue & Lobit and M. Marx.    A number of other parties were made defendants in the suit filed by Jemison & Co., as being interested in the securities held by them, and which they then sought to foreclose, but, in so far as the ownership of the money in question was concerned, no other parties were affected.

*Geo. E. Mann* and *Davis & Sayles*, for appellants, as to construction of the agreement of February 11, 1880, and instruction of jury there-

upon, cited:   Hunt v. White, 24 Tex. 651; Hudson v. Wilkinson, 45 Tex. 452.

That the pleadings were insufficient to support the judgment, they cited: Ellis v. Singletary, 45 Tex. 47; Phillips v. Hill, 3 Tex. 399 ; May v. Taylor, 22 Tex. 349 ; Preston v. Breedlove, 45 Tex. 50 ; Anderson v. Webb, 44 Tex. 151; McKonkey v. Henderson, 24 Tex, 214; Hillebrand v. McMahon, 59 Tex. 453 ; R. S., arts. 1335, 1340, p. 210.

*George Mason,* for appellees, upon construction of the agreement of February 11, 1880, cited: Hudson v. Wilkinson, 45 Tex. 451; Ruffier v. Womack, 30 Tex. 332 ; Stamper v. Johnson, 3 Tex. 1; Carter v. Carter, 5 Tex. 101; Stephens v. Sherrod, 6 Tex. 294.

STAYTON, ASSOCIATE JUSTICE.—In the disposition of this cause, we do not find it necessary to consider, in this opinion, separately, the many assignments of error, and will content ourselves with noticing the matters embraced in all of them, which we deem material.

If the court below, as it evidently did, took notice of the pendency of this action, and ordered the property seized under attachments sued out in other causes, instituted by Adone & Lobit and by M. Marx, to be sold and the proceeds paid into the registry of the court to await the result of this action, the plaintiffs in this action not being parties to them, this was but an irregularity which cannot be raised on this appeal.

This action was brought to enforce the lien claimed by the plaintiffs in this cause on the property seized under attachments in the other two, and, as between the appellants and appellees, this controversy can, as well, be settled by determining the rights of the parties to the proceeds returned into court, as it could have been done had the attached property remained in the hands of the officer.

Under the orders of the court, directing the property to be sold, and the proceeds returned into the registry of the court, and under the pleadings and action had in this cause, it must be held that the attached property, and not merely the interest of Hendley & Co., was sold.

If Hendley & Co. were not the owners of the property attached, but were only lien holders, then they had no such interest as was subject to the attachments sued out by the appellants.   A material inquiry in the cause was as to the ownership of the attached property.   If it belonged to Weems, then, clearly, the appellants acquired no right, by seizing it, to enforce the payment of the debts due to them by Hendley & Co.; but, if such was the ownership, the appellees had a

lien upon it through the contracts between Weems and Hendley & Co., and between the latter and themselves, not only to secure the advances made during the year 1880, but, also, to secure the note executed by Weems on July 1, 1879.

The evidence shows, very clearly, that the appellees, to secure themselves for any advances made to Hendley & Co., were entitled to all the securities held by Hendley & Co. as security for the indebtedness of Weems to the latter.

We concur with the appellants in the proposition that the court erred in leaving the construction of the written contract, of February 11, 1880, to the jury; but this did not operate to their injury. The jury found, in effect, that this instrument was a mortgage; and the crops raised during the year 1880, the property of Weems. The agreement of February 11, 1880, was, in legal effect, a mortgage, and the court should have so instructed the jury, without reference to any other evidence in the case. It recites the existence of indebtedness by Weems to Hendley & Co., and to Willis & Bro., existing at the time it was executed, and it contemplated that, in a given event, the crops to be raised on the two plantations should be applied to their payment.

This was consistent only with the idea that the crops to be raised were to be the property of Weems, for it could not have been contemplated that the debts of Weems would be paid with the property of Hendley & Co. or Willis & Bro. That agreement, however, recognized the fact that Weems would need advances during the year to enable him to make a crop on his own plantation, and on another belonging to Willis & Bro., which he expected to cultivate; and these advances, Hendley & Co. agreed to make.

That the sums so to be advanced by Hendley & Co. were to be first paid out of the proceeds of the crop for the year named, in no way changed the legal effect of the instrument. As to that provision, it was simply a mortgage to secure future advances which Hendley & Co. agreed to make.

If appellants were claiming the right to subject the property to sale, under attachments, for debts due to them by Weems, then the fact that the agreement of February 11, 1880, was not recorded, might be of importance, if the lien given by Weems to Hendley & Co., to which Jemison & Co. became entitled by the correspondence between them, was not evidenced by some other instrument recorded before the attachments were levied; but this is not the case.

They are seeking to enforce debts due to them by Hendley & Co., and, to show their right to or interest in the attached property, they

are driven to rely upon this very agreement as evidence of the ownership of Hendley & Co. There is nothing in the entire record, tending to show that the deed of trust executed on September 13, 1880, by Weems, to secure Hendley & Co. for advances made up to the time it was executed, and for the former indebtedness evidenced by note, was not properly executed and recorded long before the attachments sued out by appellants were levied.

By this trust deed, as well as by the instrument of date February 11, 1880, the lien of Hendley & Co. attached, as security for the note of July 1, 1879, as also for the other indebtedness, to the property seized under the attachments. As we have before said, Jemison & Co. were entitled to all the securities held by Hendley & Co., to secure what Weems owed them.

The pleadings of the appellees set out fully all the transactions between Weems and Hendley & Co., and claimed the right to enforce all the liens given by the former to the latter, in order to obtain the payment of the debt due to them by Hendley & Co., and would probably have authorized a judgment enforcing the lien given by the agreement of February 11, 1880, to secure advances. If, however, this were not so—if the pleadings only justified the foreclosure of the liens given to secure the note executed July 1, 1879, even then, it is not perceived that the appellants have any just cause of complaint. The deed of trust, of date September 13, 1880, as also the former agreement, covered the property in controversy, and was given to secure that note as well as the other indebtedness.

As against the appellants, who had no liens through the agreement of February 11, 1880, or trust deed of September 13, 1880, it was a matter of indifference whether the lien was asserted to enforce the one or the other debt, as both were secured by liens given before theirs attached.

Any person claiming rights under the agreement of February 11, 1880, whose rights might have been affected by the appropriation of the proceeds of the crop of that year to the payment of the note executed July 1, 1879, before the debts by that instrument entitled to prior payment were paid, might complain ; but the appellants can not.

All the persons who could possibly be injuriously affected by the judgment rendered, even if it be deemed only a judgment enforcing the lien to secure the note, were before the court, and they make no complaint.

The deed of trust, of September 13, 1880, secured no other debt due by Weems to Hendley & Co. than did the agreement of February 11,

1880, and, if the former instrument had never been executed, we do not see that it could make any difference to the appellants on what debt due by Weems to Hendley & Co., the lien was enforced. The appellees might waive the one entitled to priority of payment, under the agreement of February 11, 1880, and enforce the liens given to secure the other, and still the appellants have no ground of complaint.

There is no assignment of error calling in question the sufficiency of the evidence to sustain the verdict, except upon one point, which is, that the evidence was insufficient to sustain that part of the verdict, which, in effect, finds that the agreement of February 11, 1880, was a mortgage.

As we have before said, the court below should have charged the jury that such was the legal effect of that instrument, without considering the parol evidence introduced to show the intention of the parties in making it.

No other judgment than that rendered, as between the appellants and the appellees, i. e., that the appellees were entitled to the proceeds of the attached property in the registry of the court, could have been rendered, and it must be affirmed.

AFFIRMED.

[Opinion delivered March 16, 1886.]