## PARLIN & ORENDORFF COMPANY v. JOHN MOORE.

### Decided February 12, 1902.

**1.—Jurisdiction of District Court—Foreclosure—Conversion.**

In a suit to foreclose a mortgage on real and personal property the district court had jurisdiction to render judgment for plaintiffs against one who had converted the personal property, though its value was alleged to be only $100.

**2.—Mortgagee—Conversion—Election.**

A mortgagee of personal property may elect to sue a junior mortgagee who has had it sold, for its conversion, though the property and its purchaser are still within the jurisdiction of the court; a fortiori, such recovery could be had when the findings showed that the property had been placed beyond plaintiff's reach by the sale.

**3.—Mortgage—Foreclosure—Protection of Junior Mortgagee.**

The rights of a junior mortgagee are sufficiently protected in a foreclosure of the first mortgage, when the judgment rendered against him for the value of the portion of the property mortgaged to and sold by him was only to be enforced in the event and to the extent that the property subject only to the first mortgage failed to bring enough, upon foreclosure sale, to satisfy it.

Appeal from McLennan. Tried below before Hon. Sam R. Scott.

*F. M. Maxwell,* for appellants.

KEY, ASSOCIATE JUSTICE.—This case is submitted in this court on an agreed statement of facts, found on pages 15, 16, 17, and 18 of the transcript, which discloses no conflict of testimony and is adopted by this court as conclusions of fact. The suit was brought by appellee Moore to foreclose a mortgage made by the defendant W. S. Rock, and covering certain real and personal property. Parlin & Orendorff Company were also made defendants, the plaintiff alleging that they had converted the personal property and were liable for its value, alleged to be $100.

Under the first assignment of error it is contended that while the District Court had jurisdiction to foreclose the mortgage because real estate was involved, it had no jurisdiction to try the issue between the plaintiff and the defendants Parlin & Orendorff Company, because the amount involved was less than $500. While it is true that the District Court would have had no jurisdiction of a separate action to recover the alleged value of the personal property from Parlin & Orendorff Company, yet as plaintiff sued to foreclose his mortgage and the District Court had jurisdiction because real estate was involved, he had the right

to make Parlin & Orendorff Company parties defendant, and recover damages from them for a conversion of a part of the mortgaged property. Cobb v. Barber, 92 Texas, 301. Besides, being mortgagees themselves, while they may not have been necessary parties, plaintiff had the right to make them parties and let their rights be adjudicated, regardless of the amount involved.

Parlin & Orendorff Company had a junior mortgage on the personal property, under which they caused said property to be sold, and the court held that if the real estate did not sell for enough to satisfy the plaintiff's mortgage, he could recover from Parlin & Orendorff Company the value of the personal property, or so much thereof as was necessary to satisfy his demand. This holding is assailed under the second assignment of error, upon the theory that the plaintiff's remedy, under the circumstances stated, was to enforce his mortgage against the purchaser who bought the property when it was sold under the junior mortgage, the proof showing that it was sold to a citizen of the county in which this suit was instituted, and failing to show that it was not still in that county.

It has been decided by this court that a mortgagee may elect to recover the value of the mortgaged property when it has been converted by another, and is not compelled to enforce his mortgage. Fouts Bros. v. Ayres, 11 Texas Civ. App., 338. Besides, the court below incorporated in the judgment a finding of fact to the effect that Parlin & Orendorff Company had converted the personal property covered by the plaintiff's mortgage and placed it beyond his reach, and there is no assignment of error attacking that finding. If it be true that Parlin & Orendorff Company had placed the mortgaged property beyond the plaintiff's reach, thereby rendering it impossible to enforce his mortgage, then there can be no doubt as to the liability established by the judgment and complained of by appellants.

As to the contention that the plaintiff should have been compelled to enforce his mortgage against the real estate before he could recover from appellants, who were junior mortgagees, on account of their conversion of the mortgaged property, it is sufficient to say that the judgment fully protects them in that regard. It directs that the real estate shall be sold first, and it is only in the event of the failure to obtain sufficient funds from that source to satisfy the plaintiff's debt that any recovery is permitted against the appellants.

No error has been pointed out, and the judgment will be affirmed.

*Affirmed.*