RICE BROTHERS, Respondents, v. DAVIS, Mc-
DONALD & DAVIS et al., Appellants.

**Kansas City Court of Appeals, May 11, 1903.**

1. **Chattel Mortgages:** FUTURE ADVANCES: ASSIGNEE.   A
mortgage may be made to secure future indebtedness and may se-
cure indebtedness to several creditors, and the assignee of part of
the secured claims becomes interested in the mortgage to the extent
of his claims, and such assignment does not prevent the mortgage
operating as a security for the remaining indebtedness of the mort-
gagor accruing after the original indebtedness but before its pay-
ment.

2. ———: ———: ———: CONSTRUCTION. A mortgage is con-
strued and it is held to secure the original note described therein
as well as the moneys laid out for the maintenance of the mort-
gaged cattle, and at the same time it secured the mortgagee subject
to said first claim for all moneys and claims against the mort-
gagor arising during the time the two preceding items of indebt-
edness remained unpaid.

Appeal from Jackson Circuit Court.—*Hon. J. H. Slo-
ver*, Judge.

Affirmed.

*Johnson, Rusk & Stringfellow* and *Boyle, Guthrie
& Hurt* for appellants.

(1)   It is competent for the parties at any time
to totally disregard the original contract and substitute
another in its place.   Henning v. U. S. I. & S. Co., 47
Mo. 425; Vastine v. Wayman, 5 Mo. App. 598; Jacobs
v. Maloney, 64 Mo. App. 270; 21 Am. and Eng. Ency.
of Law (2 Ed.), 663.   The result of such novation is the
extinguishment of the original obligation and all its in-
cidents.   21 Am. and Eng. Ency. of Law, 674-5.   (2)
The purport of the instrument is to be gathered from
the general tenor of it, and not from any particular
clause.   Schuetze v. Bailey, 40 Mo. 69; Johnson v.

Wood, 84 Mo. 489; McCullock v. Holmes, 111 Mo. 445; Belch v. Miller, 32 Mo. App. 387. The chief object in the interpretation of contracts which are in any way ambiguous, is to get at the intention of the parties who made them. Brewing Co. v. Waterworks Co., 34 Mo. App. 49; Ice Co. v. Heinze, 102 Mo. 245; Carter v. Arnold, 134 Mo. 195; Bent v. Alexander, 15 Mo. App. 181.

*Beardsley, Gregory & Kirshner* for respondents.

(1) The debt from Moseley to Rice Brothers, growing out of the Wheeler transaction, is of the class described in the mortgage in the third paragraph describing the debts intended to be secured by the mortgage, and is so secured. Holmes v. Commission Co., 81 Mo. App. 97; Coon v. Cattle Co., 8 N. M. 123; 42 Pac. 77; McDaniels v. Colvin, 16 Vt. 300; 42 Am. Dec. 512; Jones on Mortgages, secs. 343, 344, 345, 346, 365; Jones on Chattel Mortgages (4 Ed.), secs. 86, 94; Lawrence v. Tucker, 23 How. 14; Magirl v. Magirl, 89 Ia. 342; 56 N. W. 510; Shoe Co. v. Wilson, 63 Mo. App. 330; Williams v. Allnutt, 72 Mo. App. 65; Glenn v. Seeley, 61 S. W. 959; Kingsland Co. v. Board Bros., 60 Mo. App. 662; Lanier v. McIntosh, 117 Mo. 508. (2) It is a common occurrence to have a mortgage secure various items of indebtedness accruing to various persons. The following cases are instructive on this point. Printing Co. v. Roeder, 44 Mo. App. 324; Trust Co. v. Smythe, 94 Tenn. 513; 27 L. R. A. 663; Jones on Chattel Mortgages (4 Ed.), secs. 503, 504, 512; Harman v. Barhydt, 20 Neb. 625; 31 N. W. 488; Studebaker v. McCurgur, 20 Neb. 500; 30 N. W. 686; Holway v. Gilman, 81 Me. 185; 16 Atl. 543. (3) By the terms of the mortgage itself, and by the nature of the transactions, the money arising out of sales of Moseley's cattle must be first applied to the payment of the $33,-285.50 note. (4) The instruction given by the court was correct.

ELLISON, J.—This is an action for the conversion of a lot of cattle. The judgment in the trial court was for plaintiffs. The statement of facts out of which the controversy arises is somewhat complicated; and while it was, perhaps, well enough that the parties should have set forth the details of the case with the particularity they have, it is believed the following will be a sufficient statement for a full understanding of the ground of our decision.

One J. W. Mosely gave a note payable to plaintiffs, or order, dated September 5, 1899, for $33,285.50 with seven per cent interest. He likewise executed a chattel mortgage on a large lot of cattle, a part of which are the subject of this suit, to secure the note and future indebtedness. Afterwards, plaintiffs assigned and delivered this note to the National Bank of Commerce of Kansas City. Afterwards, Mosely being interested with one Wheeler in certain other cattle, he and Wheeler executed their three promissory notes to plaintiffs aggregating $15,433.68, and secured such notes by chattel mortgage on the last-named cattle. The greater part of the last of these notes to fall due was not paid. The note for $33,285.50 was yet unpaid at this time. The provisions of the mortgage first mentioned as to the indebtedness and its order of payment are as follows, viz.: There shall be paid:

"1. The indebtedness above described, when the same becomes due, either as above set forth, or by the terms of any extension or of any renewal note or obligation.

"2. All sums loaned, advanced or expended by the second parties for the maintenance or transportation of said property, or for any purpose connected therewith, and all indebtedness to the second parties, as commission or otherwise for services in connection with any part of the same.

"3. All indebtedness of any character created or maturing while any indebtedness of the character men-

tioned in the two foregoing paragraphs remains unpaid.

"It is understood that any future transactions by which the first party may become indebted to the second parties during the existence of this mortgage are to be based upon the same as security."

The court tried the case without the aid of a jury and gave for plaintiff the following declaration of law:

"If the court finds from the evidence that after the making of the $33,285.50 note and mortgage by Mosely, he, together with one Wheeler, executed three notes, referred to in evidence, to Rice Brothers, and said notes matured respectively on the 5th days of October, November and December, 1899, and at the time of the maturity of the last of said notes there remained a balance thereon unpaid, then, in that event, the balance of said indebtedness growing out of the notes signed by Wheeler and Mosely together was an indebtedness created and an indebtedness maturing while the $33,285.50 note remained unpaid, and is secured by the mortgage covering the seventy-seven head of cattle in controversy, and the court will find for the plaintiffs under the second count in their petition, unless the court shall find under the other instruction offered herewith that the balance arising out of the Wheeler and Mosely indebtedness was satisfied out of the sale of cattle covered by the Mosely mortgage. And in the event the finding is for plaintiffs under this count, the court may add to the amount which it is agreed is the value of the cattle, namely $3,272.11, interest on said sum, if the court shall see fit to do so, at the rate of six per cent per annum from March 2, 1900, until this time."

The effect of the declaration was to hold that the provisions of the original mortgage assigned to the Bank of Commerce was security to plaintiff for the further indebtedness of Mosely represented by the last of the three notes aforesaid remaining unpaid. We are of the opinion that such view of the law was the proper one. Holmes v. Com. Co., 81 Mo. App. 97; McDaniels

v. Colvin, 16 Vt. 300.   That a valid mortgage may be made to secure future indebtedness is well settled. Smith v. Wilson, 63 Mo. App. 326.   It is also well settled that a single mortgage may secure indebtedness of the mortgagor to several creditors.   And so, if a part of the notes or claims secured by a mortgage are assigned, the assignees become interested in the mortgage to the extent of their claims, governed, of course, by the provisions of the mortgage as to priority of payment.   Jones on Chattel Mort., secs. 503, 512.   In view of this, the fact that plaintiffs assigned the large note first given them by Mosely, to the bank, did not prevent that mortgage operating as a security for other of Mosely's indebtedness held by plaintiffs and accruing after the original indebtedness, but before it was paid.

But while the general proposition that one mortgage may secure claims of different parties is not disputed, defendants urge that the provisions of the present mortgage are not such as can be separated from the debt specifically named therein.   That the assignment of that debt to the bank left plaintiffs without any interest in the mortgage.   And that the provisions concerning further or future indebtedness of Mosely must be construed to connect with the indebtedness therein specifically named.   Defendants illustrate their position by stating that if it should have become necessary for plaintiffs, or the bank, as their assignee, to purchase feed for the cattle, or protect them in other ways, the expense thereby caused would be the further indebtedness contemplated by the mortgage.   While that may be true, the mortgage is clearly broad enough in its terms to go beyond that and stand as security for other future independent indebtedness to plaintiffs as original mortgagees.   Its language bears no other fair interpretation.   It fixes by its terms the order of the security and payment of the different indebtedness; first, the original note; second, the moneys expended in the preservation of the cattle; and, third, all *other* indebtedness

of any character made while the principal debt, or debts for the expense of maintaining the property, remain unpaid. Defendant's position, in effect, wholly ignores the third provision.

We therefore hold that it was competent and legal for the mortgage to secure as a first claim, as plaintiffs' assignee of the original note, both for that note and moneys laid out for maintenance of the cattle; and at the same time to stand as security to plaintiff, subject to said first claim, for any claims of theirs against Mosely arising during the time these two items of indebtedness just mentioned remained unpaid.

We have noted defendants' argument as to the novation of Mosely's second indebtedness and as to the declaration of law above set out being out of harmony with the second count of the petition. It seems to us that the law being as we have herein stated, it is of no vital importance in what way the indebtedness of Mosely to plaintiffs may have existed. We are satisfied that an indebtedness did exist which is covered by the terms of the mortgage and that the result below was manifestly for the right party and ought not to be disturbed. It is accordingly affirmed. All concur.