POULTER v. WEATHERFORD HARD-
WARE CO. (No. 7864.)

(Court of Civil Appeals of Texas. Ft. Worth. Feb. 21, 1914. Rehearing Denied March 28, 1914.)

1. CHATTEL MORTGAGES (§ 114*)—FUTURE IN-
DEBTEDNESS.

A chattel mortgage will secure a future indebtedness of the mortgagor if that be the intention of the parties.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. § 191; Dec. Dig. § 114.*]

2. CHATTEL MORTGAGES (§ 114*)—INDEBTED-
NESS COVERED.

Defendant, a farmer, executed a chattel mortgage to plaintiff, the W. Hardware Company, for the purpose of securing the payment of certain promissory notes named in the mortgage and to secure a line of credit with the mortgagee, and the mortgage provided, after reciting the notes secured, that it was to be for "all other amounts I may now be due, or hereafter become due to the W. Company or their assigns, such as book accounts, notes, or in any manner whatsoever, it being the intention of this mortgage to not only secure the debt created by me this day, but also to serve as a basis of credit with the grantees herein, or their assigns." Held, that the mortgage did not cover a judgment rendered against the defendant in favor of a third party which plaintiff purchased, so that plaintiff could not foreclose the mortgage to secure payment of such judgment.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. § 191; Dec. Dig. § 114.*]

Appeal from Parker County Court; T. F. Temple, Judge.

Action by the Weatherford Hardware Company against Ed Poulter. From a judgment for plaintiff, defendant appeals. Affirmed in part and reversed and rendered in part.

Jno. L. Poulter, of Ft. Worth, for appellant. H. C. Shropshire, of Weatherford, for appellee.

SPEER, J. This suit was instituted by the Weatherford Hardware Company against Ed Poulter to recover a balance of $32.35 due upon a promissory note and to foreclose a chattel mortgage lien for the satisfaction of such balance, together with the amount of a judgment against the defendant in favor of Lowe & Co., which judgment had been purchased by the plaintiff. The honorable county judge, before whom the case was tried, rendered a judgment in favor of the plaintiff foreclosing the lien as prayed for, and the defendant has appealed.

We adopt the trial court's findings of fact and affirm his judgment in so far as the same is personal, but reverse and render judgment in favor of appellant in so far as the judg-ment seeks to foreclose the chattel mortgage lien as to the Lowe & Co. judgment. The disposition of the case involves a construction of the chattel mortgage. That instrument, in so far as it is necessary to quote, is as follows: "This conveyance is intended as a mortgage to secure the payment of my indebtedness to the said grantees in the sum of two hundred and twenty-five dollars, as evidenced by seven certain promissory notes bearing even date with this mortgage, and more particularly described as follows: 1 note for $25 maturing August 1, 1911, 1 note for $25 maturing September 1, 1911, 1 note for $25 maturing October 1, 1911, 1 note for $25 maturing November 1, 1911, 1 note for $25 maturing December 1, 1911, 1 note for $50 maturing September 1, 1912, 1 note for $50 maturing October 1, 1912, all bearing ten per cent. interest from date and providing a collecting agent's fee of twenty-five per cent. if not paid when due, or if sued upon, and payable at Weatherford, Texas, and for all other amounts I may now be due, or hereafter become due to the Weatherford Hardware Company, or their assigns, such as book accounts, notes, or in any manner whatsoever, it being the intention of this mortgage to not only secure the debt created by me this day, but also to serve as a basis of credit with the grantees herein, or their assigns, to secure any other amount I may now owe, or hereafter owe, as if the same were specifically described herein."

[1] It cannot be doubted that a chattel mortgage will be operative to secure a future indebtedness of the mortgagor where such is the intention of the parties. That principle is not assailed in this decision, but the question is purely one of interpretation. If an indebtedness like the Lowe & Co. judgment was in contemplation of the parties at the time of the execution of the instrument being considered, then undoubtedly the lien would be security for it; but otherwise it would not be.

[2] Even ordinarily the provision for the application of the mortgage to "all other amounts I may now be due or hereafter become due" would be held to apply to debts of the general kind of that specifically secured. But in the present case all doubts as to this being the real intention of the parties are removed by the further stipulation contained in the instrument, "it being the intention of this mortgage to not only secure the debt created by me this day, but also to serve as a basis of credit with the grantees herein, or their assigns." Thus we have an exegesis by the parties themselves of the meaning of the language which otherwise might at most only be ambiguous. It is apparent from the situation of the parties, one being a merchant and the other a farmer in need of supplies, and the language employed in the mortgage, that the purpose of the par-

ties was that the mortgagor was to secure a line of credit with the mortgagee, and that the chattel lien should extend to those credits which were given in furtherance of the purpose of the parties. Appellant in no manner requested appellee to take up the Lowe & Co. judgment, and the voluntary purchase by appellee would not authorize it to have a foreclosure of the chattel mortgage executed designably to serve as a basis of credit with it. Martin v. Halbrooks, 55 Ark. 569, 18 S. W. 1046.

The judgment of the county court foreclosing the chattel mortgage lien as to the Lowe & Co. judgment is therefore reversed and here rendered for appellant, but in all other respects the judgment is affirmed, except that appellant is awarded the costs below by reason of his tender of the full amount due on the mortgage indebtedness.