COLEMAN NAT. BANK v. CATHEY et al.
(No. 5583.)

(Court of Civil Appeals of Texas. Austin.
March 1, 1916. Rehearing Denied
April 26, 1916.)

1. CHATTEL MORTGAGES ☞275—FORECLOSURE —PARTIES.

Plaintiff, in a suit on notes and to foreclose a chattel mortgage, may join as parties defendants those liable on the different notes, if secured by the same chattel mortgage, though the mortgage is not executed by all the defendants.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. § 562; Dec. Dig. ☞275.]

2. CHATTEL MORTGAGES ☞114 — CONSTRUCTION—DEBTS SECURED.

Parties to a chattel mortgage may agree that it shall secure a later debt, or one different from that described in the mortgage.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. § 191; Dec. Dig. ☞114.]

3. CHATTEL MORTGAGES ☞21 — CONSTRUCTION—LATER DEBT.

A chattel mortgage, conditioned to be annulled by payment of a note "unless the holder of said note shall elect to hold said property to secure any other liability or liabilities of mine in the hands of the holder," secures a note of mortgagor, although not primarily payable to mortgagee, which is owned by mortgagee at the time of payment of the first note.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 67, 69; Dec. Dig. ☞21.]

Appeal from District Court, Coleman County; John W. Goodwin, Judge.

Action by the Coleman National Bank against G. C. Cathey and others. From judgment for plaintiff, plaintiff and defendant Upton Henderson appeal. Affirmed on Henderson's appeal, and on plaintiff's appeal reversed and remanded.

Snodgrass, Dibrell & Snodgrass, of Coleman, for appellants. Woodward & Baker and Critz & Woodward, all of Coleman, for appellees.

KEY, C. J. We copy from appellant's brief the following statement of the nature and result of this suit:

"This suit was begun in the district court of Coleman county, Tex., July 25, 1910, by appellant Coleman National Bank, against E. E. McClain, Joe Toland, Upton Henderson, Roy Johnson, J. H. Quinn, and G. C. Cathey. Plaintiff sought to recover principal, interest, and attorney's fees against E. E. McClain as principal, and Joe Toland and J. H. Quinn as sureties, and Upton Henderson as indorser, on a note payable to the order of J. W. Quinn, dated February 1, 1909, due September 1, 1909, for $415.05, with interest on same from date at the rate of 10 per cent. per annum, and 10 per cent. additional as attorney's fees. Plaintiff sought to recover principal, interest, and attorney's fees against E. E. McClain as principal, and Joe Toland as surety, on a note dated October 15, 1909, due 45 days after date, payable to the order of plaintiff for $250, with interest at 10 per cent. from maturity and 10 per cent. attorney's fees.

"Plaintiff also alleged that said notes were secured by chattel mortgage lien dated January 20, 1909, executed by defendant E. E. McClain on 95 head of cattle, and sought to establish said mortgage as a lien to secure both notes upon said property, and sought to recover against the defendants Roy Johnson and G. C. Cathey to the amount of said indebtedness for conversion of said mortgaged cattle, alleged to be of value $1,500. On November 14, 1914, defendant Joe Toland was dismissed from the suit by the plaintiff, he being insolvent and having been discharged in bankruptcy. On April 12, 1915, defendant J. H. Quinn was dismissed from the suit by plaintiff upon proof of his being actually and notoriously insolvent. On April 4, 1911, defendant E. E. McClain filed his answer and cross-bill, admitting and adopting the allegations of plaintiff, and asking judgment against G. C. Cathey and Roy Johnson for conversion of the 95 head of cattle, which was alleged to be $1,500, asking for judgment in his own behalf for application of sufficient to pay plaintiff's claim, and for recovery of balance for himself. Defendant Upton Henderson filed original answer March 25, 1914, setting up pleas in abatement for misjoinder of causes of action and parties, general exceptions, special exceptions, general denial, and special answers, and at the same time filed his cross-bill against Roy Johnson, alleging that the two notes sued upon by plaintiff were both secured by the chattel mortgage described in plaintiff's petition, and that the property covered by said mortgage had been converted by the defendant Roy Johnson, and asking for judgment against the said Roy Johnson to the amount due on said $415.05 note sued upon by plaintiff. Defendant G. C. Cathey filed plea to the venue, and original answer November 1, 1910. Defendant Roy Johnson filed answer to plaintiff's second amended original petition November 16, 1914, and answer to Upton Henderson's cross-bill, November 16, 1914, and answer to E. E. McClain's cross-bill April 12, 1915. Plaintiff, on April 20, 1914, filed its first supplemental petition in answer to the plea of Upton Henderson. At the April term, 1915, of the district court of Coleman county, the case came on for trial before a jury, and the court declined to pass upon the pleas of misjoinder of parties and causes of action until after the evidence was heard, and after hearing the evidence the court sustained the plea of misjoinder

of parties and causes of action, whereupon the plaintiff, under protest, made motion to dismiss its suit on the $250 note, and then to reinstate same. The court sustained the motion to dismiss, and overruled the motion to reinstate, to which exceptions were taken. Thereupon the court charged the jury to find in favor of the plaintiff against the defendants E. E. McClain, as principal, and Upton Henderson as indorser, on the $415.05 note, and the jury rendered verdict accordingly. On the 13th day of April, 1915, judgment was rendered in favor of the plaintiff against E. E. McClain as principal and Upton Henderson as indorser for $739.50, with interest at 10 per cent. Plaintiff filed motion for new trial April 14, 1915. Plaintiff's motion for new trial was overruled by the court on April 21, 1915, and notice of appeal given. Plaintiff filed appeal bond May 10, 1915."

The judgment did not foreclose the mortgage lien. In addition to the foregoing statement we add that Upton Henderson filed a motion for a new trial, which was overruled, and he has prosecuted a separate appeal from the judgment against him; and, while two transcripts have been brought up, both appeals have been considered together, and will be disposed of in one opinion.

## Opinion.

Without referring specifically to the assignments of error, it is sufficient to say that the bank contends that the court below committed error in sustaining the pleas of misjoinder of parties and causes of action, while Upton Henderson contends that the pleas referred to were properly sustained, which left the bank its right of election to prosecute its suit upon the $250 note, which was secured by the mortgage, and dismiss its suit upon the $415.05 note, which was not so secured, and therefore not within the jurisdiction of the district court, and that when the bank elected to dismiss the suit upon the $250 note, of which the district court had jurisdiction, that court was without jurisdiction to try and render judgment as to the $415.05 note.

[1, 2] If both of the notes sued upon were secured by a mortgage upon the same property, though the mortgage was not executed by all of the defendants, then the bank had the right to maintain one action against all of the defendants. Parlin & Orendorff Co. v. Moore, 28 Tex. Civ. App. 243, 66 S. W. 798; Johnson v. Luling Mfg. Co., 24 S. W. 996; Brown v. Gatewood, 150 S. W. 950; Brunson v. Dawson State Bank, 175 S. W. 438; Cobb v. Barber, 92 Tex. 309, 47 S. W. 963. So it appears that the controlling question involved in both the appeals is whether or not the chattel mortgage referred to in the plaintiff's petition, and introduced in evidence was intended by the parties to secure both of the notes sued upon; and we have reached the conclusion that it was so intended. The general rule of law upon the subject is correctly stated in 6 Cyc. 1019, subd. 5, as follows:

"It is competent for the parties to a mortgage to agree that it shall stand as security for a different debt or claim than that described in the mortgage, or for a debt subsequently contracted, and when such an agreement is reduced to writing, and the good faith of the arrangement is not impeached, the mortgage will be a valid security for a new debt."

Nor is it necessary that the liabilities sought to be secured must be specifically described in the mortgage. Brunson v. Dawson State Bank, supra. In the case at bar the mortgage was given to secure a note executed by E. E. McClain, and payable to the bank, and it contained the following stipulations:

"Now if I pay or cause to be paid said indebtedness at or before its maturity, then this obligation is to be null and void, unless the holder of said note shall elect to hold said property to secure any other liability or liabilities of mine in the hands of the holder of said note. But in case said note is not paid at maturity, or any other liability or liabilities of mine that they may elect to hold said property for, or when all or part of said property is moved from where it is now located, or when it is legally seized, then or at any time thereafter the holder thereof is hereby fully authorized to seize and take into his possession all of said above-described property, or any part thereof, wherever the same may be found hereby, binding me to surrender up the same, and to sell, convey and deliver the said property or cause the same to be done, at either public or private sale, with or without notice, at such place and on such terms as it may deem best; and the proceeds of such sale shall be applied, after deducting all costs, expenses and attorney's fees, to the payment of said note, the surplus, if any, shall be paid to me or at the election of the holder of said note, shall be paid on any other liability or liabilities, whether as principal or otherwise of mine in the hands of the holder of said note."

[3] The proof shows that the mortgage was executed January 20, 1909; that the $415.05 note, upon which Henderson bound himself as indorser, was executed February 1, 1909, and was bought by the bank in May, 1909, and that the $1,000 note, to secure which the mortgage was executed, was paid in December, 1909. It is stipulated in the mortgage that when the $1,000 note is paid, the mortgage is to be null and void—

"unless the holder of said note shall elect to hold said property to secure any other liability or liabilities of mine in the hands of the holder of said note."

At the time the $1,000 note was paid the bank was the owner and holder of the $415.05 note, which was a liability of the mortgagor McClain. But it is contended that, inasmuch as that note was not made payable primarily to the bank, but to J. W. Quinn, it was not intended by the parties that it should be secured by the mortgage. The language of the mortgage as quoted above is broad enough to include the claim of the bank upon the note in question, and we see no reason why it should not be given that effect.

Poulter v. Weatherford Hardware Co., 166 S. W. 364, and the other cases relied upon by counsel for Henderson, are distinguishable from the instant case. In the Poulter Case, the mortgage was executed to secure certain

notes, and contained a stipulation that it was to be security—

"for all other amounts I may now be due, or hereafter become due to the Weatherford Hardware Company, or their assigns, such as book accounts, notes, or in any manner whatsoever, it being the intention of this mortgage to not only secure the debt created by me this day, but also to serve as a basis of credit with the grantees herein, or their assigns, to secure any. other amount I may now owe, or hereafter owe, as if the same was specifically described herein."

The hardware company, subsequent to the execution of the mortgage, purchased a judgment against the mortgagor, and the court held that the judgment was not secured by the mortgage, because the latter showed upon its face that it was only intended to serve as a basis for credit to the mortgagor. But to show that the mortgage involved in this case was much broader in scope, and was intended to operate otherwise than as a basis for credit between the mortgagor and the bank, we cite that provision which reads as follows:

"The surplus, if any, shall be paid to me, or at the election of the holder of said note, shall be paid on any other liability or liabilities, whether as principal or otherwise of mine in the hands of the holder of said note."

Thus it will be seen that the maker of the mortgage intended to confer upon the holder of the $1,000 note the right to apply the mortgage to any other liability of the mortgagor to the bank, whether such liability was as principal, surety, or indorser. Furthermore, McClain, the mortgagor, admitted in his answer that the $415.05 note was secured by the mortgage, and no one but Henderson pleaded misjoinder; and as his liability is secondary only, it is to his benefit that the mortgaged property be applied to the payment of the debt for which he stands surety. So it may be doubted if he ought to be heard to object to the mortgage being held to secure the $415.05 note, upon which he is liable as indorser, as such construction inures to his benefit.

Hence we conclude that the $415.05 note, as· well as the one for $250, was secured by the mortgage; and in support of that conclusion we refer to the following authorities, cited in the brief of counsel for the bank, all of which deal more or less with the question: Brunson v. Dawson State Bank, 175 S. W. 438; Hallowell v. Blackstone Natl. Bank, 154 Mass. 359, 28 N. E. 281, 13 L. R. A. 315; Norfleet v. Ins. Co., 160 N. C. 329, 75 S. E. 937; Merchants' Bank v. Demere, 92 Ga. 735, 19 S. E. 38; Martin v. Halbrooks, 55 Ark. 569, 18 S. W. 1046; Merchants' Natl. Bank v. Hall, 83 N. Y. 338, 38 Am. Rep. 434; Moore v. Terry, 66 Ark. 393, 50 S. W. 998; Davis v. Carlisle, 5 Ind. T. 83, 82 S. W. 682; Rice v. Davis, 99 Mo. App. 636, 74 S. W. 431; Bullard v. Stewart, 46 Tex. Civ. App. 49, 102 S. W. 174; Poulter v. Weatherford Hardware Co., 166 S. W. 364; 6 Cyc. 1019, note 4, 27 Cyc. 1074, subd. 2. Therefore we conclude that the appeal prosecuted by Upton Henderson should be affirmed, and that the appeal prosecuted by the Coleman National Bank should be sustained, and the cause reversed and remanded for further proceedings not inconsistent with this opinion; and it is so ordered.

Affirmed in part, and in part reversed and remanded.