FOURMENTIN et al. v. SCOTT. (No. 1556.)

(Court of Civil Appeals of Texas. Amarillo. Dec. 17, 1919.)

1. CHATTEL MORTGAGES ☞43—REJECTION AS SURPLUSAGE OF CLAUSE RESERVING TITLE WHERE MORTGAGEE HAD NO TITLE ORIGINALLY.

A note reciting the consideration to be the sale of certain personal property and certain crops to be raised on a designated farm, and that title was not to pass from the payee until payment in full, held to constitute a chattel mortgage under Rev. St. 1911, art. 5654, when recorded under article 5655, as the recitation of reservation of title might be treated as surplusage.

2. CHATTEL MORTGAGES ☞43 — FORM AND REQUISITES.

No particular form is necessary to constitute a mortgage a chattel mortgage if it fairly indicates the creation of a lien specifying the debt and the property on which it rests, and when it is so drawn that a person reading cannot understand it otherwise than as a lien on the property described, and where it has been properly registered, it may be received in evidence as a mortgage.

Appeal from Collingsworth County Court; C. C. Small, Judge.

Action by R. L. Scott against Charles and Henry Fourmentin. Judgment for plaintiff, and defendants appeal. Affirmed.

Cocke & Gribble, of Wellington, for appellants.

Templeton & Templeton, of Wellington, for appellee.

HUFF, C. J. Only such of the pleadings and in so far as necessary to an understanding of the assignments presented in this court will be stated. Scott, as the owner of the Wellington Hardware Company, and the note sued on and an account, alleged the execution of the note by Charles Fourmentin and his title by virtue of being the sole owner of the hardware company, and that the note was for $574.40, providing for interest and attorney's fees, totaling $712.36, and the account for $49.60. The note was executed by Charles Fourmentin, and the account was due by him, both of which, it was alleged, were due and unpaid. To secure the indebtedness the maker executed a chattel mortgage on certain personal property, a wagon, harness, horse, and ten bales of cotton, cotton seed, maize, or kaffir corn to be grown upon certain rented premises for the year 1918. The mortgage was duly filed for record as a chattel mortgage, of all of which both appellants had actual and constructive notice. The property so mortgaged was taken in possession by Henry Fourmentin and by him converted. The lien was asked to be foreclosed, and a judgment against Charles Fourmentin on the note and against Henry Fourmentin on account of the conversion of the property, and for the value of the property so converted, or so much as should be necessary to pay the debt. The defendants, appellants here, answered by general and special pleas, not believed to be necessary to be set out.

The first assignment is to the effect that the trial court committed error in admitting in evidence the note which recited that the title to the personal property was retained on the ground that it was shown thereby that it was not a lien in that it did not mention the property as sold by Scott to Charles Fourmentin; that it was not, and could not operate as, a chattel mortgage except by virtue of the statute.

The second assignment is to the effect that it was error to admit the note because not supported by the pleadings, in that it showed on its face that it was not a mortgage, but, if anything, a title retained in the note to property described therein, and that the evidence showed that the property was not sold to Charles Fourmentin by appellee or the hardware company. The note to the introduction of which objections were urged was for the sum of $574.40, due on or before October 1, 1918, with interest from date and attorney's fees. It is recited therein the consideration for the contract was for the sale of one low-wheel wagon and bed, all complete, one bay mare seven years old, two sets of shop harness, all complete, 10 bales of cotton, 20 tons of cotton seed, and 25 tons of maize, or kaffir corn, that the maker should raise on the C. L. Bowen place in the year 1918, "for which the note is given, is such that the title and ownership does not pass from the Wellington Hardware Company until the note is paid in full." After other provisions the note recites:

"It is expressly agreed by the mortgagor that should I be indebted to the Wellington Hardware Company in any other than the above-described note, not to exceed the amount of $500, that the mortgage shall be security for said note or account and shall not be released until all such indebtedness shall have been paid in full."

The instrument also provided that the payee, when he deems himself insecure, could take possession of the property and sell it and apply the proceeds on the note. The petition declared on the instrument as a mortgage, describing the property therein and sought to establish a mortgage lien, and alleged that it was executed by Charles Fourmentin, and filed for record as such. It is apparently established by the evidence that the property described was not sold by the hardware company to the maker of the note, but that this note was in fact a renewal of two other notes. It seems to be appellee's contention that the lien is invalid because there could be no reservation of title in a chattel where the payee never had any title, and therefore the note was not effective as a chattel mortgage under the statute (Rev. St. art. 5654).

[1, 2] If there had been a reservation of title to the property under the statute, it would have been a chattel mortgage. If there was no title in the payee, the payor could nevertheless execute a mortgage on the property to secure the debt, which the instrument in question clearly does. The instrument is not void for uncertainty. The recitation of the reservation of title may be treated as surplusage and will be construed to effect the evident purpose of the parties. It is manifest the note was drawn on the blank form used in the business where articles were sold in which the vendor retained the title until the purchase price was paid. Article 5655, providing for instruments intended to operate as liens to be recorded, describes such instruments as chattel mortgages, deeds of trust, "or other instrument of writing intended to operate as a mortgage of or lien upon personal property." No particular form is necessary to constitute a mortgage if it clearly indicates the creation of the lien specifying the debt and the property on which it rests. When it is so drawn that a person

reading it could not have understood it otherwise than a lien on the property described, and it has been properly registered, it is proper to receive it in evidence as a mortgage. Johnson v. Brown, 65 S. W. 485; Soell v. Hadden, 85 Tex. 182, 19 S. W. 1087; Adoue v. Jemison, 65 Tex. 680; McGee v. Fitzer, 37 Tex. 27; Ranck v. Howard-Sansom, 22 S. W. 773; Thatcher v. Jeffries, 91 S. W. 1091; Watterman v. Silberberg, 67 Tex. 100, 2 S. W. 578; Lewis v. Bell, 40 S. W. 747; Bank v. Cathey, 185 S. W. 661.

We think the trial court properly admitted the note in evidence. The appellant presents no other error by assignment, and, as the case appears to have been properly tried and a proper judgment rendered, the judgment will be affirmed.