### J. E. McDOWELL v. M. T. JONES LUMBER COMPANY ET AL.

Decided March 10, 1906.

**1.—Foreclosure of Judgment Lien—Parties.**

In a suit to foreclose a judgment lien against the debtor and his vendee, the debtor having conveyed all his interest in the land to another was not a necessary party to the suit.

**2.—Payment of Mortgage Debt—No Subrogation.**

Where the purchaser of mortgaged property assumes, as a part of the purchase money, to pay off the mortgage lien against the property, such payment extinguishes the lien and there is no subrogation. Such payment is a payment of the purchaser's own debt and extinguishes the lien for all purposes.

Appeal from the District Court of Potter County. Tried below before Hon. Ira Webster.

*J. N. Browning* and *Madden & Trulove,* for appellant.

*Jno. W. Veale,* for appellee.

SPEER, ASSOCIATE JUSTICE.—M. T. Jones Lumber Company instituted this suit against J. E. McDowell and S. J. Thomas to foreclose a judgment lien upon certain land in Potter County arising by reason of its having previously obtained a judgment against Thomas and having recorded a proper abstract of the same prior to his sale of the land in controversy to McDowell. There was a trial without the intervention of a jury, which resulted in a judgment in favor of the plaintiff, foreclosing its judgment lien except as to two hundred acres to be designated by the defendant McDowell as his homestead, from which judgment McDowell has appealed.

The first assignment complains that the court erred in foreclosing appellee's judgment lien after having rendered a judgment in favor of Thomas, the original judgment debtor. But this clearly is not material, since Thomas in the first place was not a necessary party to this action, seeing that he had conveyed his entire interest in the land to his co-defendant McDowell. (Silliman v. Gammage, 55 Texas, 365.) Moreover, the court could hardly have entered any other judgment than he did. He recited the existence of the former judgment and lien and should not have entered a further or additional judgment against Thomas.

The material question in the case upon which the result of the appeal must depend is one of subrogation. On November 15, 1900, S. J. Thomas executed and delivered to W. H. Fuqua a conveyance in trust of the lands in question to secure certain indebtedness due to the First National Bank of Amarillo. This instrument was filed for record December 21 following. Appellees' abstract of judgment was filed and recorded September 28, 1901. Thomas and wife conveyed the land to appellant November 11, 1901, and on the same day Fuqua released to S. J. Thomas the trust deed securing the bank's indebtedness. By agreement of all the parties—that is appellant, Thomas, and Fuqua acting for the bank, appellant purchased the land from Thomas for $3,500 and paid the same to the bank, and it was applied on Thomas's indebtedness. We conclude from the evidence that there was no intention to keep alive the bank's lien in favor of appellant, but on the contrary, that the intention of all parties was to do just what the papers executed show was done—that is, that appellant should pay the agreed purchase price of the land to Fuqua in settlement and extinguishment of Thomas's debt and lien. Appellant in fact was ignorant of the existence of appellees' lien and adopted the above plan only after having satisfied himself from an examination of the records that no other lien than the bank's lien existed against the land he was purchasing. The doctrine of subrogation can have no just application to those facts. It is needless to enter into a discussion of the variety of instances in which that wholesome doctrine has been applied, but it is sufficient to say we are cited to no case and know of none, in which it has been held that a purchaser of the mortgaged property who assumes, as a part of the purchase money, to pay off the mortgage lien against the property, may do so and yet keep alive the mortgage as against a subsequent lien. The authorities appear to be all to the effect that a payment under such circumstances, being a payment of the purchaser's own debt, extinguishes the lien for all purposes and places such purchaser in precisely the same position as though the payment had been made by his vendor. (Shirk v. Whitten, 31 N. E. Rep. (Ind.), 87; Witt v. Rice, 57 N. W. Rep. (Iowa), 951; Pomeroy's Eq. Jur. (3d ed.), sec. 1213, note 1.) If by the transaction appellant did not assume to pay the bank debt to the extent of $3,500 as the purchase money for the property, then he is in the attitude of having paid Thomas the full purchase price, who in turn himself paid the debt and extinguished the lien. In no event, as we view the transaction, could appellant avail himself of the bank's lien to the prejudice of appellees' rights under the junior lien. We think the form of the judgment permitting appellant to designate his homestead as excepted from the order of foreclosure, is sufficient and affords him no cause of complaint.

All assignments are overruled and the judgment is affirmed.

*Affirmed.*