JOHN E. MORRISON CO. v. BUTLER.

(Court of Civil Appeals of Texas. Ft. Worth. May 24, 1913.)

1. CHATTEL MORTGAGES (§ 235*)—DEBTS SECURED—FUTURE ADVANCES.

A chattel mortgage to an employment company stated that it was given to secure a note for $200, and for any additional goods furnished during the year. At its date the mortgagor owed the company nothing, but thereafter he contracted debts for supplies amounting to a little more than $200. On November 23d of the same year, he paid the account in full. The company's manager testified that the mortgage was given to secure the payment for supplies to be thereafter furnished, and that he would have released the chattel mortgage when the account was paid if the mortgagor had requested it. Thereafter the mortgagor, before the last of the year, purchased additional goods on credit. Held, that the mortgage, construed in the light of the surrounding circumstances, did not secure the credit given after the first indebtedness was fully paid.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 496–499, 507; Dec. Dig. § 235.*]

2. APPEAL AND ERROR (§ 1029*)—HARMLESS ERROR—PARTY NOT ENTITLED TO RELIEF.

Where a substituted trustee seized property under a chattel mortgage which had been fully satisfied, error committed, in an action for conversion of the property, in restricting the powers of the trustee under the mortgage, is harmless.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4035, 4036; Dec. Dig. § 1029.*]

Appeal from District Court, Young County; P. A. Martin, Judge.

Action by W. A. Butler against the John E. Morrison Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Arnold & Arnold, of Graham, for appellant. L. C. Counts, Kay & Akin, of Graham, and Marshall Spoonts, of Ft. Worth, for appellee.

CONNER, C. J. Appellee sued the appellant company to recover both actual and exemplary damages for the conversion of two mules, and succeeded in securing a verdict and judgment for $757.50.

The seizure, if unwarranted, was under circumstances amounting to a conversion, and the principal question presented is whether the seizure was authorized by the terms of the mortgage under which the seizure was made. It is undisputed that on March 1, 1910, appellee executed and delivered to the appellant a mortgage in the usual form upon the mules in question, and upon certain other property not involved in this controversy, the material provision of which is as follows: "This conveyance is intended however as a trust for the better securing of the John E. Morrison Co. of the county of Young and state aforesaid in the payment of the following indebtedness to wit: One certain promissory note of the same date as this mortgage for $200.00 due Oct. 1, 1911, with interest from maturity signed by W. A. Butler for all farm implements, wagons, buggies, etc. and for any additional goods furnished this year and bearing interest at the rate of 10% from maturity. Under payment of which said promissory note and account according to its face and tenor being well and truly made then in such case this conveyance is to become null and void and of no further force and effect." It is further undisputed that at the time of the execution of the mortgage appellee was not indebted in the amount of the note specified, but that he from time to time secured supplies amounting in all to something more than $200, and for which appellee fully paid on November 23, 1911. On November 28th thereafter appellee again began procuring various supplies, the account for which ran from November 28, 1911, until January 20, 1912, amounting to $32.83, of which $21.30 was for goods furnished during 1911. The seizure in question was for the purpose of enforcing the collection of this account of $32.83. The trial judge construed the mortgage as not affording any justification for the seizure of the mules, and in effect peremptorily instructed the jury that the seizure constituted a conversion.

---

[1] If the mortgage in this case is broad enough in its terms to secure the payment of that part of appellant's account running from November 28, 1911, to January 1, 1912, then the court's charge was erroneous, as was also the court's action in refusing appellant's special charge presenting this view. See Freiberg et al. v. Magale, 70 Tex. 116, 7 S. W. 684; Bullard v. Stewart, 46 Tex. Civ. App. 49, 102 S. W. 174. We conclude, however, that the trial court properly interpreted the mortgage, and committed no error in the particulars mentioned. Reading the terms quoted in the light of the undisputed evidence, the mortgage means that supplies were to be furnished and security given to the extent of $200 as evidenced by the note. No indebtedness existed at the time of the execution of the note and mortgage. W. P. McCracken, appellant's general manager at the time, testified: "When he (appellee) made this mortgage to us I agreed to advance him $200 worth of supplies to run him the year. I did not agree to let him have any more. * * * If Mr. Butler's account had not been as great as his note, I would have credited his note with the difference. I turned his note and account over to him, when they were paid. It is very seldom that a man calls for a release to a mortgage. At the time Mr. Butler made this payment on November 23, 1911, that fully settled everything Morrison had against him. I would have given Mr. Butler a release for his mortgage if he had asked for it." Under these circumstances the note but fixed the limit of the credit agreed upon, and the terms "note" and "account" in the mortgage were evidently used interchangeably for the same thing. The payment of the note shown, therefore, discharged the security given for its payment, in the absence of a new agreement, which was not shown, and this effect was not changed by the mere fact that appellee thereafter during the same year was advanced a few other articles; the mortgage not in terms being made to secure such additional advances, as was the case in the authorities above cited. See Perkins v. Sterne, 23 Tex. 561, 76 Am. Dec. 72; Hale v. Baker & Rice, 60 Tex. 217; Solinsky v. Natl. Bank, 82 Tex. 244, 17 S. W. 1050; McDowell v. Jones Lbr. Co., 42 Tex. Civ. App. 260, 93 S. W. 476. The court therefore, as before stated, did not err in giving the peremptory instruction. See Crawford v. Thomason, 53 Tex. Civ. App. 561, 117 S. W. 181; Crouch Hardware Co. v. Walker, 51 Tex. Civ. App. 571, 113 S. W. 163. The first and second assignments of error are accordingly overruled.

[2] The only remaining assignment complains that the court, by reason of circumstances not necessary to mention, erred in restricting the power of the substitute trustee, who made the seizure to the sale of the mules. But if we are correct in our conclusions disposing of the first and second assignments of error, it is evident that this action of the court was immaterial. For, the mortgage having been discharged, no authority for his appointment existed, nor could power thereafter have been conferred by virtue of the mortgage.

No complaint is made of the amount of the judgment, nor of the imposition of exemplary damages, and the judgment is accordingly affirmed.