HOWARD et al. v. STAHL et al.   (No. 1475.)

(Court of Civil Appeals of Texas.   Amarillo.
April 16, 1919.   Rehearing Denied
May 14, 1919.)

1. BILLS AND NOTES ⬤⟳496(1)—INDORSEMENT
—PRESUMPTIONS—TIME.

Where notes were made payable to the order
of the maker and indorsed by him and transfer-
red, it will be presumed that they were indorsed
and transferred at the time of their execution.

2. MORTGAGES ⬤⟳235—TRANSFER OF NOTES.

Since a mortgage is only security for a debt
and follows it into the hands of any transferee
of the note evidencing the debt, a mortgage be-
came valid as soon as notes made payable to
maker were indorsed and transferred by him.

3. APPEAL AND ERROR ⬤⟳1071(5)—HARMLESS
ERROR—FINDINGS OF FACT.

Findings of court as to immaterial matters
having no bearing upon any of the issues are
harmless.

4. MORTGAGES ⬤⟳345—POWER OF SALE—LIMI-
TATIONS OF ACTIONS.

Where notes secured by a deed of trust ma-
tured January 1, 1913, the authority of the
trustee to transfer the property under the deed
of trust expired absolutely on January 1, 1917,
under Vernon's Sayles' Ann. Civ. St. 1914, art.
5693, although such statute, as amended, did not
go into effect until November 17, 1913.

5. SUBROGATION ⬤⟳14(3) — MORTGAGE FORE-
CLOSURE SALE.

A purchaser of land from a trustee under a
deed of trust at a sale, void by reason of Ver-
non's Sayles' Ann. Civ. St. 1914, art. 5693, was
entitled under the doctrine of subrogation to the
debt and the right to sue on the notes, if they
were not barred by the provisions of articles
5694, 5695.

6. LIMITATION OF ACTIONS ⬤⟳175—WAIVER.

Limitations being purely a personal defense,
a defendant may waive it.

7. LIMITATION OF ACTIONS ⬤⟳125—COM-
MENCEMENT OF ACTION — SUBSTITUTION OF
PARTIES.

Where action was brought in name of one
having no interest in subject-matter and no
authority to file same in his name, and the court
allowed real party in interest to file an amended
petition and plea of intervention wherein same
cause of action was set up, the filing of the first
petition in the name of the party having no in-
terest being a mistake on the part of attorneys,
there was no new cause of action as far as limi-
tations was concerned.

8. BILLS AND NOTES ⬤⟳443(3)—ACTION ON
NOTES—INDORSEMENTS.

Where a note is indorsed by the payee in
blank, any holder has prima facie the right to
institute a suit and recover in his own name.

Appeal from District Court, Sherman
County; R. E. Stalcup, Special Judge.

Action by Earl De Ford against J. E. De
Ford and B. C. Howard, in which J. E. De
Ford and J. H. H. Stahl were successively
substituted as parties plaintiff, and in which
S. E. Gates and another were made parties
defendant.   From a judgment in favor of J.
H. H. Stahl against B. C. Howard and S. E.
Gates and another, B. C. Howard appeals.
Affirmed in part, and reversed and render-
ed in part:

W. I. Gamewell, of Stratford, for appel-
lant.

Tatum & Strong, of Dalhart, and J. H.
H. Stahl, of Stratford, for appellees.

HALL, J.   On November 15, 1917, Earl De
Ford sued J. E. De Ford and B. C. Howard,
alleging:   That on or about the 1st day of
July, 1908, for value, defendant J. E. De
Ford executed and delivered five certain
promissory notes of date July 1, 1908, paya-
ble to the order of himself and by him in-
dorsed in blank and negotiated, each of said
notes being for the sum of $232, bearing 6
per cent. interest from date and maturing
respectively January 1, 1909, 1910, 1911, 1912,
and 1913.   That said notes were executed in
part payment for the N. E. ¼ of section 3,
block No. 2, public free school lands in Sher-
man county, Tex., which had been conveyed
to J. E. De Ford on July 1, 1908.   That on
said 1st day of July, 1908, the said J. E.
De Ford executed and delivered to W. M.
Sparrow as trustee a certain deed of trust
on the above-described land to secure pay-
ment of said notes as additional security to
the vendor's lien, reserved thereon.   That
thereafter said notes, for value, were trans-
ferred and delivered to S. E. Gates, who be-
came the legal and equitable owner and
holder thereof, and, while such holder, notes
Nos. 1 and 2 were paid.   That thereafter, on
account of default in the payment of the re-
mainder of said notes, the said S. E. Gates
undertook to sell said land under and by
virtue of the authority and power of sale
contained in said trust deed, and by and
through Reese Tatum, as substitute trustee,
the original trustee having failed and re-
fused to act, and the said Tatum having
been appointed substitute trustee, by virtue
of authority contained in the deed, that the
said land was sold on the first Tuesday in
March, 1917, at which sale J. E. De Ford
became the purchaser thereof, whereupon a
trustee's deed was executed by the said sub-
stitute trustee and delivered to the said J. E.
De Ford.   Plaintiff alleges that, if the said
trustee's sale was not legally made for any
reason, he, having paid off and discharged
the indebtedness, is subrogated to all the
rights, liens, and equities held by said Gates
prior to the time of the sale and is entitled to
have said liens foreclosed to satisfy said
debt; that B. C. Howard is asserting some

kind of an interest or title in and to said property; that the debt above referred to is past due and unpaid; that payment thereof has often been refused; and that plaintiff is entitled to a decree for the amount of the debt, interest, and forclosure of the lien. There is a prayer for judgment for the amount of the debt, foreclosure of the liens, as they existed on the 1st day of July, 1908, with writ of possession, and for personal judgment against J. E. De Ford.

On January 15, 1918, there was filed what is termed, "Second Amended Original Petition and First Amended Intervening Petition, and First Amended Original Answer, of J. E. De Ford." The substance of tne allegations is that the suit having been filed with Earl De Ford as sole plaintiff, by and through the joint efforts of Frank M. Tatum and John H. H. Stahl, upon the authorization, presumed or actual, of Earl De Ford, who as the agent of J. E. De Ford received the notes described herein, with authority to bring the suit but in the name of J. E. and not Earl De Ford, and to allege the ownership of said notes and lien correctly and not otherwise, in the name of J. E. De Ford and not Earl De Ford, who owns no interest in them whatever, and who had no interest except as agent for J. E. De Ford, said agency has been terminated by the call of Earl De Ford to the army; that the said J. E. De Ford, being a resident of Warren county, Iowa, alleges that the intention of the said attorneys was to file the suit and to represent as attorneys of record in the prosecution thereof J. E. De Ford, but that they became confused as to the real party in interest, not knowing whether it was Earl De Ford or J. E. De Ford who owned the notes; that they were in error and made the mistake by reason of the fact that the employment of attorneys to represent J. E. De Ford was made by Earl De Ford, who was an attorney of Des Moines, Iowa. He prays that he be made the real plaintiff in lieu of Earl De Ford, who appears as plaintiff in the original petition, which was filed through mistake of the attorneys employed to represent him by Earl De Ford. He prays in the alternative that, if he cannot be substituted as plaintiff, the suit upon the notes be prosecuted in the name of Earl De Ford as trustee for his benefit. This pleading further sets up the cause of action substantially as alleged in the original petition, and in addition thereto proceeds as follows:

"That S. E. Gates and Edith Gates are made defendants and relief asked against him on the contingency that this plaintiff should fail on trial hereof to have his title to said land quieted against defendants, and all of them, and should also fail to secure a foreclosure of the said notes and liens, and in that event he alleges that he and the said S. E. Gates and Edith Gates were on unequal terms in the said sale, and he would not have bought said land in had it not been for the fact that he relied on S. E. Gates and the substitute trustee that the foreclosure of said trust deed under power of sale was valid, and that if he bought said land in order to purchase same he would have to get good title to said land. That he was not obligated to pay said notes, nor to pay whatever amount they exceed the value of the land, because when he put said liens on said land, and then afterwards sold it, a part of the consideration was that the grantee take the land subject to the notes and liens, and therefore having no knowledge but what the foreclosure out of court was legal, bought in said land, which was then, and is now, fully of value equal to the amount due on said notes, and therefore having held, or caused to be held, a sale of said land, which passed no title to him (if such be the finding of the court), plaintiff in that event is entitled to recover of S. E. Gates or Edith Gates, whichever own these notes, the full amount paid by J. E. De Ford, this plaintiff at the sale, with 6 per cent. interest thereon to date, per annum, and accordingly on the contingency stated he asked for judgment against them."

The prayer in this pleading is the same as in the original petition, and in the alternative that, in the event his title to said land under the trustee's sale is invalid, void, voidable, or cannot be quieted, then for judgment against S. E. Gates and Edith Gates.

On December 31, 1917, defendant B. C. Howard filed his answer and cross-bill, setting up the execution of the notes, deed, and deed of trust by J. E. De Ford on July 1, 1908. He alleged the conveyance of the land by J. E. De Ford and wife to Wm. F. Langley, on February 24, 1910; a conveyance by Langley and wife to Ed G. Sheldon, trustee, on January 11, 1911; a conveyance by Sheldon as trustee on June 3, 1911, to Carl G. Higgins; a conveyance by Higgins on June 26, 1911, to Geo. W. Poynter. It is further alleged that on March 6, 1917, Reese Tatum, as substitute trustee, made a purported sale of the land in controversy, attempting to convey same to J. E. De Ford, and that said sale was illegal. It is alleged that said purported sale was made more than four years after the maturity of the indebtedness evidenced by the notes sued on. On January 29, 1918, J. H. H. Stahl filed his petition in intervention as the assignee and transferee of J. E. De Ford and Earl De Ford, of the cause of action asserted by them in the suit, and as the owner of all interest asserted by the De Fords in the land in question. He adopts the pleadings filed by Earl and J. E. De Ford, together with the prayer for relief therein contained. By supplemental answer filed July 15, 1918, defendant Howard specially alleges that at the time of the trustee's sale on the first Tuesday in March, 1917, the notes described in plaintiff's petition were more than four years past due; that at the time of the filing of this suit by the rightful owner of said cause of action, whether same be J. E. De Ford or J. H. H. Stahl, the time for the filing of a suit to ar

rest the running of the statute of limitations or to preserve or foreclose the lien had expired; and that the rights of plaintiff and defendants J. E. De Ford and Stahl became forfeited; and specially pleads the statute of limitations. Vernon's Sayles' Civ. St. arts. 5693, 5694, 5695. By order duly entered, the court permitted J. E. De Ford to intervene as sole plaintiff. Upon his plea of intervention filed January 7, 1918, the court also permitted J. H. H. Stahl, as assignee of Earl and J. E. De Ford, to intervene as sole plaintiff. This order bears date July 15, 1918. At the July term, 1918, of the court, S. E. Gates entered his appearance in writing, in which he includes a general denial of the allegations in J. E. De Ford's second amended original petition. There was a trial before the court without a jury, resulting in a judgment which recites that J. E. De Ford is entitled to recover as prayed for in his second amended original petition; that J. H. H. Stahl being the sole plaintiff, and having been substituted, recover of and from the defendant Howard the land in question. It was further decreed that S. E. Gates be discharged with his costs, that Earl De Ford and J. E. De Ford be dismissed, and that Howard take nothing as against any of the parties.

[1, 2] As stated above, the notes executed by J. E. De Ford were made payable to his order and indorsed by him in blank, but the evidence does not show when he indorsed them. The deed of trust was executed on the same day. By reason of this fact, it is insisted under the first assignment that the lien is a nullity because the owner of land cannot create a lien to secure the payment of a note made payable to his own order. It is true that the notes made payable to the order of the maker are null until indorsed by him and negotiated. In the absence of evidence showing the time of their indorsement and transfer, the presumption is that they were indorsed and transferred at the time of their execution. Hutchins v. Flintge, 2 Tex. 473, 47 Am. Dec. 659; Watson v. Flanagan, 14 Tex. 354; Linn v. Willis, 1 Posey's Unrep. Cas. 158. Since, under the well-established rule in this state, a mortgage is only a security for the debt, and follows it into the hands of any transferee of the note evidencing the debt, the mortgage became valid as soon as the notes in question were indorsed and transferred.

[3] By the second and third assignments it is insisted that the court erred in finding that, as a part of the consideration for the deed from J. E. De Ford to W. F. Langley, the latter assumed the payment of the last three notes, Langley is not a party to the suit. He purchased the land in 1911, and, while as a fact the court erred in such finding, it has no material bearing upon any of the issues presented here, and the error is

harmless. L. C. Denman Co. v. Standard Sav. & L. Ass'n, 200 S. W. 1109.

[4] It is insisted under the fourth assignment that the sale of the land made by Reese Tatum as substitute trustee, on the first Tuesday in March, 1917, is void under the statute of limitations of four years because, as shown, the last of the three notes matured January 1, 1913. This is one of the controlling questions in the case. Article 5693, Vernon's Sayles' Civil Statutes, provides that no power of sale conferred by any deed of trust or mortgage on real estate shall be enforced after the expiration of four years from the maturity of the indebtedness secured thereby, and that the lien created in such mortgages or deeds of trust shall cease to exist four years after maturity of such debt; provided, if several obligations are secured, the lien may be enforced at any time prior to four years after the note or obligation last maturing has matured and may be enforced as to all notes or obligations not then barred by the four years' statute of limitations. The sale by the trustee having been made more than two months after the last note was barred by article 5693, supra, it was void, and vested no title in J. E. De Ford. The first one of the notes matured January 1, 1911, more than six years prior to the time of the sale. The trustee was empowered by the deed of trust to sell in the event of a failure to pay either note at maturity, and was further directed to apply the proceeds ratably to all the notes. There was certainly a reasonable time after the statute became operative in which the parties could have protected their rights under the note or in the land itself. Turner v. Gregory, 203 S. W. 615; Cathey v. Weaver, 193 S. W. 490.

The fifth assignment is the court erred in rendering judgment against B. C. Howard, in favor of the substitute plaintiff, J. H. H. Stahl, because all the evidence shows that J. E. De Ford, who executed the notes, in satisfaction of which the trustee's sale was made, purchased the land at such sale. This assignment is disposed of by the statement that, the sale being void, no title vested in J. E. De Ford in virtue of it. The article of the statute referred to expressly declares such a sale to be void, and asserts that the lien created in such a deed of trust shall cease to exist four years after maturity of the debt secured thereby. Under this provision, there was no lien in so far as it was related to the power of sale to which De Ford could be subrogated, after four years from the 1st day of January, 1913. Boone v. Miller, 86 Tex. 74, 23 S. W. 574; McDowell v. Lumber Co., 42 Tex. Civ. App. 260, 93 S. W. 476.

[5-8] The sixth assignment of error attacks the title of appellee Stahl upon the ground that the suit was filed after the bar

of the statute was complete. The proposition under this assignment is:

"A suit filed November 15, 1917, in the name of one having no interest in the subject-matter and no authority to file the same in his name, to establish a debt evidenced by notes dated July 1, 1908, and due January 1, 1911, 1912, and 1913, respectively, and to foreclose liens on land securing payment thereof, as evidenced by deed and deed of trust dated July 1, 1908, was barred by articles 5694 and 5695, Vernon's Sayles' Civil Statutes, and the statutes were not tolled by an amended petition and plea of intervention filed by the party at interest on the 7th day of January, 1918, wherein the same cause of action was set up."

It was agreed in open court that J. E. De Ford paid the money to the trustee at the time of the sale of the land by Reese Tatum, March 6, 1917, and that Earl De Ford, in whose name the suit was originally instituted, had no instruction from J. E. De Ford to file suit in his name, and that Earl De Ford did not own the notes when suit was filed and paid no part of the money to the trustee.

J. H. H. Stahl testified that he was an attorney; that the filing of the petition in the name of Earl De Ford was a mistake on the part of the attorneys who filed the pleading; that Earl De Ford had discussed retaining him and also Frank M. Tatum, an attorney of Dalhart; that Tatum, not knowing whether they were relying on him to file the suit, filed it to prevent the bar of the statute; that he (Stahl) had been retained and paid a fee and signed his name to the petition filed by Tatum; that from his conversation with Earl De Ford he got the idea that the land belonged to Earl De Ford. He further testified that the pleading styled, "First Amended Original Petition, Plaintiff's Intervening Petition, and Answer to Earl De Ford," was filed by him as attorney for J. E. De Ford, and was the first pleading filed by J. E. De Ford in his name; that it was filed January 7, 1918, the original petition having been filed for Earl De Ford November 15, 1917.

This assignment requires the consideration of articles 5694 and 5695, Vernon's Sayles' Civil Statutes. The provisions of article 5694, in so far as they affect this question, are that the right to recover by the holder of any vendor's lien notes executed before the enactment of such statute shall be barred after the expiration of four years from the maturity of such indebtedness if suit is not brought for the foreclosure of the lien to secure such notes within four years from the date of such maturity, and that, in the event of such delay in filing such suit, the purchase money shall be conclusively presumed to have been paid, and the lien reserved in the notes and deed conveying the land shall cease to exist four years after the note or notes have matured. The notes in the instant case were never extended as provided for in article 5695, and so much of that article as is pertinent to the question here being considered is:

"Provided that the owners of all notes secured by deeds of trust or other liens and the owners of all vendors lien notes reserved in deeds of conveyance which were executed subsquent to July 14, 1905, shall have four years after this act takes effect within which they may obtain such recorded extension as herein provided for, or bring suit to enforce the liens securing them if same are valid obligations and not already barred by the four years' statutes of limitation when this act takes effect, and if such * * * suit is not brought within such four years or four years after they mature, they shall be forever barred from the right to * * * bring suit to enforce the lien securing the same."

Rev. St. 1911, art. 5695, as amended during the First Call Session of the Thirty-Third Legislature, 1913 (page 39, c. 27 [Vernon's Sayles' Ann. Civ. St. 1914, art. 5695]), became effective November 17, 1913.

The original petition, naming Earl De Ford as plaintiff, was filed November 15, 1917. J. E. De Ford did not file his plea of intervention until in January, 1918. It follows that the suit is barred unless the facts in connection therewith gave J. E. De Ford and his assignee, J. H. H. Stahl, the right to prosecute the suit. Bunn v. City of Laredo, 208 S. W. 675; Henson v. C. C. Slaughter Co., 206 S. W. 375; R. B. Godley Lumber Co. v. C. C. Slaughter & Co., 202 S. W. 801; Cathey v. Weaver, 193 S. W. 490. In our opinion, the facts do not bring the case within the provisions of articles 5694 and 5695. The purchase of the land at the trustee's sale by J. E. De Ford entitled him, under the doctrine of subrogation, to the debt and the right to sue on the notes if they were not barred by the provisions of the last two-mentioned articles which relate to the collection of such claims by suit rather than by sale under powers, and this, notwithstanding the effect of article 5693 is to prevent the trustee from enforcing the lien and collecting the debt by that method. Schneider v. Sellers, 25 Tex. Civ. App. 226, 61 S. W. 541, writ of error dismissed 94 Tex. 710, 61 S. W. 541. The cause of action set up in the original petition filed for Earl De Ford as plaintiff is the same as that declared upon in the plea of intervention which the court permitted J. E. De Ford to file, except that in the latter pleading the intervener seeks to make Gates and wife parties and recover in the alternative against them the amount paid by him for the land at the trustee's sale. In so far as appellee Howard is concerned, there is no new cause of action. Baker v. G., C. & S. F. Ry. Co., 184 S. W. 257. Gates did not interpose a plea of limitation as against J. E. De Ford's effort to recover of him. Limitation being purely a personal defense, he could, if he chose to do so, waive it, and ap-

pellee cannot complain. In the matter of filing the suit and retaining an attorney for that purpose, Earl De Ford was the agent and representative of J. E. De Ford and to that extent in privity with him. The note being indorsed by the payee in blank, any holder had prima facie the right to institute the suit and recover in his own name. If the issue of J. E. De Ford's ownership had not been raised and the case had proceeded to judgment in the name of Earl De Ford as plaintiff, he would have, under these facts, been held to be a trustee for J. E. De Ford of any sum collected. It having been alleged and shown that J. E. De Ford was the real owner, and having filed his plea of intervention with the consent of the court, asserting his ownership, and the proof and admission of attorneys showing that by mistake of the attorneys filing the suit Earl De Ford was made plaintiff, the statute, in our opinion, does not apply. The following Texas cases, which seem to be in line with the weight of authority, are directly in point and sustain this holding: Field v. Gantier, 8 Tex. 74; Hanna v. Drennan, 2 Posey's Unrep. Cas. 536; Foote v. O'Roork, 59 Tex. 215; Triplett v. Morris, 18 Tex. Civ. App. 50, 44 S. W. 684.

The judgment rendered by the trial court was apparently based upon the theory that the sale under the power contained in the deed of trust was valid, in that it quiets the title to the land in J. H. H. Stahl. Having held that the sale was void because made after the bar of the statute was complete, the right of Stahl to recover must be based upon the notes sued upon.' The judgment as rendered forecloses appellee Howard's right to redeem. It is therefore affirmed as to Gates and reversed and here rendered that J. H. H. Stahl recover of and from J. E. De Ford the full amount of the notes, principal, interest, and attorney's fees, with foreclosure as to all parties of the vendor's lien and of the lien retained in the deed of trust, as they existed July 1, 1908.

Judgment reversed and rendered.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes