**KOLP et al. v. PREWITT et al.** (No. 11978.)

Court of Civil Appeals of Texas. Fort Worth.
May 26, 1928.

Rehearing Granted in Part July 14, 1928.

Rehearing Denied Sept. 22, 1928.

E. E. Fischer, of Wichita Falls, for appellants.

B. W. Tipton, of Electra, for appellees.

BUCK, J. On May 6, 1927, C. F. Kolp brought suit in trespass to try title against W. J. Holder and M. S. Isom. The land involved consisted of lots 1, 2, and 3 in block 3, in the orignial town of Electra, and a small tract of land adjoining, which, as shown by the evidence, Kolp bought from the city of Electra. This latter tract had been designated as a street, but abandoned by the city as a street on account of reasons stated. In connection with the suit Kolp sued out a writ of sequestration, and took possession of the property, including a building on the land bought from the city, and on which there was a "Pig Stand." Defendant Isom, joined by M. G. Prewitt as intervener, answered by way of a general demurrer, a plea of not guilty, a disclaimer as to lots 1, 2, and 3, and a special plea and cross-action. They sued C. F. Kolp, W. P. Kilpatrick, the city of Electra, and the sureties on the sequestration bond, C. R. Miller, C. W. Coffey, and the Waggoner Refining Company. Intervener alleged: That he had a valid subsisting lease on this last tract for a term of two years from February 1, 1926, and that the lease was entered into by and between said Prewitt and W. P. Kilpatrick and said lease was in full force and effect at the time the sheriff seized said property under said writ, and that plaintiff, C. F. Kolp, had actual notice and knowledge of said lease at the time said writ was sued out, and that intervener and defendant were operating a Pig Stand on said tract of the time said land was seized and intervener and defendant dispossessed of said premises. That intervener and defendant are informed that the city of Elec-

tra subsequent to the date of said lease, and while intervener and defendant were in possession of said premises, executed a deed to said tract 2 to C. F. Kolp. That on or about February 8, 1926, intervener obtained a permit from the city of Electra to erect a Pig Stand building on said premises, and intervener showed said officer of the city its location, and the city officer issued to him a permit, although by an inadvertence lot 3 in block 3 was inserted, but said city officer understood where said Pig Stand was to be erected; the same having been pointed out to him on the city map. Intervener thereupon in good faith erected his building there designated by said city of Electra, through its proper officer, and went into possession thereof.

Intervener and defendant alleged: That said city of Electra, defendant W. P. Kilpatrick, and C. F. Kolp, acted together is causing said writ of sequestration to be issued, and dispossessed them, and said city of Electra is now estopped to deny their right to said lease for the unexpired term, and that said city had notice and actual knowledge thereof, and is jointly liable with defendant Kilpatrick and C. F. Kolp for the damages hereinafter shown. That intervener went into possession of said premises under said lease and erected said Pig Stand and made valuable improvements thereon to the extent of $1,200, and also laid a two-inch gas pipe line at the cost of $150 to and on said premises. That intervener has operated said premises for several months and has paid Kilpatrick in advance the rent on said lease, and intervener had procured the services of defendant Isom to operate said Pig Stand for him and has contracted to sell the improvements thereon to Isom for $1,100, except the gas pipe line, and since said time said Isom has operated said Pig Stand for himself and for intervener until paid for, and said Kilpatrick, the city of Electra, and C. F. Kolp had due notice thereof and consented to said Pig Stand to be operated on said lease. That said Pig Stand had been operated at a profit of $100 a month, and would continue to net that amount of profit for the unexpired term of said lease, and that said lease did not expire until February 1, 1928. That plaintiff, C. F. Kolp, on or about May 6, 1927, instituted this suit in trespass to try title and caused a writ of sequestration to issue, and the sheriff of Wichita county on said day levied said writ of sequestration and dispossessed the intervener and defendant Isom, seized said land from them, and removed the building in which they were operating the Pig Stand to another part of the premises, where same could not be operated, and withheld possession of said premises from intervener and defendant Isom, and that Kolp, Kilpatrick, and the city of Electra acted individually and jointly in these acts. That intervener and defendant were further damaged in the depreciation of the property on said premises to the amount of $500, and

that they are entitled to the value of said lease for a period of 9 months at $100 a month, or a total of $900. That said writ of sequestration did not include the personal property on the premises, but subsequent to the seizing of said premises by the plaintiff, Kolp, intervener had attempted to remove said house from said premises, and move same to a location in the city of Wichita Falls, where he expected to operate the same as a Pig Stand, and had made written demand on said Kolp for the possession of said house, but plaintiff has refused to deliver the possession thereof, and intervener has given said Kolp written notice on August 10, 1927, that intervener's damage is the sum of $20 a day for the time said house is held, and that plaintiff has refused the possession thereof to intervener.

Plaintiff replied to the answer and cross-action of defendant and intervener in rather lengthy pleadings, consisting of certain special exceptions, and acknowledged that he purchased from the city of Electra the tract of land referred to in said intervention, and at the time of purchasing the same said Pig Stand was situated on said tract of land; that at the time he purchased the land he interviewed the occupants of the Pig Stand, and that the person who claimed possession thereof informed him that he was the owner of said property and plaintiff demanded from him the rent for the use of said property, but he refused to pay plaintiff any rent on said property and refused to vacate same. Therefore it became necessary for plaintiff, in order to gain peaceable possession of his property, to file this suit and obtain possession of said property under a writ of sequestration.

Plaintiff further alleged: That as soon as he purchased said property and became the owner thereof, the relation of landlord and tenant was created between plaintiff and defendant Isom and intervener Prewitt, and that each of them became liable and bound to plaintiff for the reasonable rental value of said property, and the reasonable rental value of the same was $50 a month. Defendant Isom and intervener Prewitt have failed, refused, and neglected to pay the rent for said premises, or any part thereof, and that they are now due the plaintiff as rent on said property the sum of $50 a month for the months of June, July, August, and September, 1927. That plaintiff has a valid landlord's lien on the building or Pig Stand referred to, to secure the payment of his rents, and he asked for a foreclosure of said lien against the property. He further alleged that during the time said Pig Stand had been located on his property that he had to care for the same and had to expend money in taking care of said property in having to employ a watchman to look after said property, and that he had expended $50 in moving said property in order that the same could be taken care of, and for this he prayed recovery.

Defendant Kilpatrick adopted the motion to dismiss made by defendant Kolp, and also the exceptions of Kolp made to defendant Isom and intervener Prewitt's cross-action. By way of special answer, he alleged that it was true that he entered into a lease contract with said intervener, but he further pleaded that at the time said contract was entered into said Prewitt had full knowledge of the fact that he had no title to said property from the city of Electra; and further knew that the only right that he had to said premises was a verbal understanding between himself and said city; that he was to have the use of the same, at the will of the city, for an annual rental of $100, which was to be paid yearly in advance. Kilpatrick further alleged that said Prewitt had never paid him one dollar for the use of said premises, "for which the said Prewitt has not received full value therefor." Kilpatrick prayed that defendant take nothing as against him and he be discharged with his costs.

The defendant city of Electra filed its answer, adopting the motion of plaintiff, Kolp, to dismiss, as well as the general and special exceptions in said Kolp's answers to the cross-action, and in said answer there was a general denial. As a special reply and answer to the plea of intervention, the city of Electra pleaded: That it entered into a contract with Kilpatrick, by the terms of which Kilpatrick was granted the use of the premises referred to in said plea of intervention for a term at the will of said city, and that Kilpatrick was to pay to the city of Electra for the use of the premises the sum of $100 a year, which sum was to be paid yearly in advance. That no written agreement was made between the city of Electra and Kilpatrick for the use of said premises, and said Kilpatrick had never paid to the city any sum of money for the use of said premises in compliance with the terms of said contract, and thereby said Kilpatrick had forfeited all rights of every kind and nature to the use of said premises. That at the time of the sale of said property by the city of Electra to Kolp, the said Kilpatrick nor any other person had any right of any kind or character from the city of Electra to the use, occupancy, or possession of said premises. That said Prewitt and said Isom had full knowledge of all the above facts and of the fact that said Kilpatrick had no right to the use of said premises at the time he was alleged to have entered into a contract with the said Prewitt, or if said parties did not have full knowledge of all the facts of said transaction, they could have, by the exercise of ordinary prudence and care, obtained the facts from the officers of the city. Said city further pleaded that by reason of the fact that no agreement of any kind was ever entered into between it and the said Kilpatrick, any claim of possession, occupancy, or title to said premises made by the defendant Isom or by said Prewitt are wholly void on account of the statute, which said city pleaded as an estoppel against any attempted claim that said parties might make.

Defendant Isom and intervener Prewitt pleaded in answer to the several answers of Kolp, city of Electra, and Kilpatrick, heretofore mentioned.

The cause was submitted to a jury on two special issues, which, together with the answers thereto, are hereinafter set out:

"1. What was the reasonable market value of the Pig Stand house in question at the time C. F. Kolp refused possession thereof to Prewitt? Ans. $400.

"2. What was the reasonable market value of the unexpired lease of nine months at the time Isom was notified by the sheriff to vacate the same? Ans. $30 per month."

Intervener Prewitt and defendant Isom filed a motion for judgment, praying for judgment in the aggregate sum of $670. The court rendered judgment for Prewitt and Isom against Kolp in the sum of $400, but denied judgment for the value of the lease. The court further found that the writ of sequestration was in all things properly and legally issued and served; that there was no liability on the bond for said writ, and the bondsmen are in no manner liable under said bond. Judgment was rendered for the city of Electra, Kilpatrick, and Holder. From this judgment Isom and Kilpatrick have appealed.

Defendant Kolp filed a supersedeas bond in the court below as to the judgment against him in favor of intervener Prewitt and defendant Isom. Intervener Prewitt and defendant Isom filed an appeal bond to support the appeal by reason of the failure of the trial court to give judgment in their favor for the value of the lease.

## Opinion.

■ On this appeal, the appellee Kolp complains of the judgment against him and in favor of intervener Prewitt and defendant Isom for $400. The transcript does not contain any assignments of error by appellee Kolp, but only the motion for a new trial. In the fifth and sixth grounds in said motion, complaint is made that the evidence does not show that plaintiff below was guilty of the conversion of the building or Pig Stand. It is admitted by both appellants and appellee that the writ of sequestration did not include the Pig Stand. The evidence shows: That after the service of the writ of sequestration, Kolp moved the house from its then location to a place near the rear of the second tract of land, purchased by Kolp from the city, and that in moving it, it was taken off of the blocks and set down, and that the doors that were open would not close and those that were closed would not open, and that the house was otherwise damaged. That when Prewitt went to see Kolp about moving the house, Kolp would not permit him to move it

unless he would agree to withdraw any claim for damages. There is evidence that the market value of the house at the time it was moved was $1,100. Kolp testified that at the time Prewitt applied to him for permission to move the house his lawyer was out of town, and he went to see a Mr. Ingleking, and stated the facts to him, and that then he agreed to allow Prewitt to move the house if he would hold him blameless and release him from a lawsuit he had filed against him for damages. We think the evidence is sufficient to show a conversion of the house by Kolp. .

38 Cyc. p. 2010, reads as follows:

"If such act is unauthorized by the owner of property, an intent to convert will be conclusively presumed or rather defendant's intent will be regarded as immaterial."

38 Cyc. p. 2011, says:

"Good faith of actual owner, or what his rights were, is no defense."

38 Cyc. p. 2060:

"Advice of counsel will not shield a defendant in trover who has unlawfully detained plaintiff's property."

Again:

"After an act of conversion a return of the property by wrongdoer, or offer to return it, although provable in mitigation of damages, will not bar the cause of action in trover."

38 Cyc. p. 2105:

"Tender back of property is in discretion of court, whose decision is final."

In King v. Boerne State Bank (Tex. Civ. App.) 159 S. W. 433, it is said:

"Where conversion of personal property has taken place, the owner is not required to accept a return thereof, if tendered, and hence such tender is no defense to a suit for damages for the conversion."

In Pittman v. Fort Worth Warehouse & Storage Co., 258 S. W. 1105, by this court, opinion by the writer, it is said:

"Tender to the owner of goods converted does not preclude recovery of damages, though under some circumstances, as, where the conversion is technical, or the result of mistake, the tender is admissible in mitigation of damages."

In 38 Cyc. p. 2102, subdivision d, it is said:

"As a general rule, an offer to return property converted is not admissible even in mitigation of damages; but where the conversion is technical, inadvertent, or the result of a mistake, and the property is still in statu quo, an offer to return it may be shown in mitigation of damages."

See Mississippi Mills v. Meyer & Co., 83 Tex. 433, 18 S. W. 748.

26 R. C. L. p. 1113, says:

"When an actual conversion of goods has taken place, the owner is generally under no obligation to receive them back upon a tender by the wrongdoer, and, even though the tender be accepted by the owner, this is generally regarded as no bar to the action."

See State of North Dakota, to Use of Hart-Parr Co., v. Robb-Lawrence Co., 17 N. D. 257, 115 N. W 846, 16 L. R. A. (N. S.) 227; Crawford v. Thomason, 53 Tex. Civ. App. 561, 117 S. W. 181, by this court, writ of error refused.

█ We do not think that one who unlawfully converts personal property is allowed to stipulate a condition, which the owner of property is legally bound to comply with in order to have the property returned. Hence, we overrule appellee's contention that the evidence does not sustain the conversion of the building, which is a basis for the judgment against him.

Appellants complain that the trial court erred in not returning judgment for them as against Kolp for $270 for the nine months' unexpired term of the two years' lease. The evidence shows: That lots 1, 2, and 3 were, some time prior to the filing of this suit by Kolp and the issuance of the writ of sequestration, the property of the First National Bank of Plainview, and that C. A. Hodges collected the rents on said property. That Kolp subsequently bought it, probably in April or May, 1927. That prior to the purchase of the property by Kolp, a filling station on lots 1, 2, and 3 was owned and operated by W. J. Holder. Kolp bought the filling station from Holder some time in April and subsequently bought the lots. Later, he discovered that the block of land designated as "tract No. 2" in the petition was owned by the city of Electra, and he purchased this tract, on which the Pig Stand was situated.

John Houser, city secretary of the city of Electra, testified that Mr. W. P. Kilpatrick leased the plat of land described as lot No. 2 in the petition, for a year, the date of said lease was probably June 1, 1923, as shown by an unsigned lease form from the city of Electra to Kilpatrick and C. B. Baker, who, as recited in the lease, were about to erect a filling station and camp house on lots 1, 2, and 3 in block 3, of Electra. This unsigned lease further recites that there is a vacant piece of land, the property of the city, abandoned as a public thoroughfare adjoining on the south and east lots 1, 2, and 3, and which would greatly aid said parties to provide rooms for tourists for camping purposes.

According to the first-amended cross-action of defendant Isom and intervener Prewitt, said Prewitt had a valid subsisting lease on the second tract described in plaintiff's petition, dated February 1, 1926. Houser testified that Kilpatrick had not paid for but one year, and that the city had not received the rent for tract No. 2 since the expiration of the first year. If Kilpatrick had no authority to sublease the land, then said lease contract between him and Prewitt was a nullity, in so far

494

as the claim of the city of Electra was concerned, or of its vendee Kolp. Moreover, Davis testified that he had attempted to collect $20 a month as rent from Isom, who was operating the stand, and that Isom refused to pay the same, claiming that he did not know to whom the rent was due. Therefore, in the state of the record, we are not prepared to say that the trial court erred in refusing to render judgment in behalf of the defendant and the intervener for $270, covering the nine months claimed unexpired lease.

All assignments are overruled, and the judgment is affirmed.

### On Defendant Isom's and Intervener Prewitt's Motion for Rehearing.

We believe we erred in our original consideration of this case in not reversing the judgment of the trial court in denying a recovery in favor of Isom and Prewitt against Kilpatrick for $270. However, we do not think that such judgment should be rendered against the city of Electra. The evidence supports the conclusion that the rental contract between the city of Electra and Kilpatrick was for one year only, and that such period had expired prior to the alleged verbal rental contract between Kilpatrick and Prewitt. If Kilpatrick purported to rent or lease land to Prewitt, without having title thereto or right of possession thereof, and Prewitt in good faith and relying on Kilpatrick's authority did lease the land, and said land was thereafter taken away from Prewitt and his assignee, Isom, by the true owners thereof, then Kilpatrick would be liable in damages to Prewitt and his assignee, Isom, for the value of said leased tract. This value was found by the jury to be $270.

Therefore the judgment heretofore rendered affirming the judgment of the trial court is set aside, and judgment here entered affirming the judgment for $400 in favor of Prewitt and Isom against C. F. Kolp; judgment is also here entered in favor of defendant Isom and intervener Prewitt against Kilpatrick for $270, with interest at 6 per cent. from date of judgment.

As so modified, the judgment below will be affirmed.