**SHELTON et al. v. JARRELL et al.**

No. 12661.

Court of Civil Appeals of Texas. Fort Worth.

April 9, 1932.

Rehearing Denied Oct. 1, 1932.

C. P. Engelking, of Electra, for appellants.

Taylor, Muse & Taylor, of Wichita Falls, for appellees.

## CONNER, C. J.

Appellees Jarrell and Milford instituted this suit in a district court of Wichita county against appellants A. H. and W. J. Shelton to recover damages in the sum of $3,780, for the conversion of certain personal property specified in exhibits attached to their petition.

The plaintiffs alleged that on or about June 20, 1930, by virtue of a purchase of the leasehold rights of one E. H. Logan, together with personal property owned by him and described in Exhibit A of the petition, and also by virtue of a formal lease from the defendants, W. J. and A. H. Shelton, who were the owners thereof, the plaintiffs took possession of lots 13 and 14 in block 45 of the town of Electra in Wichita county upon which was a gasoline and oil filling station and for the use of which plaintiffs were to pay a rental of $80 per month. The further allegations are to the effect that the plaintiffs continued to operate the station for about six weeks, when they were forced by circumstances to discontinue further operations of the station. The lease was surrendered by them, and they left upon it property that had been purchased from Logan, as well as other personal property owned and taken with them at the time of taking possession of the value of $3,156, and described in Exhibit B. It was admitted that the plaintiffs were indebted to the defendants in the sum of $100 for unpaid rents and that they had given Logan a mortgage for $500 on the property purchased from him.

It was further alleged that on or about the 26th day of August, 1930, the defendants "without any reason, justification or cause" therefor went to said filling station and took charge and took into their possession all of the property described in Exhibits A and B and converted the same to their own use and benefit. Wherefore, they prayed for a recovery, etc.

The defendants in an amended answer pleaded demurrers, general and special denials, and specially to the effect that about the middle of December, 1928, they had leased the filling station in question to E. H. Logan for the term of one year, at a rental of $100 per month in advance; that when defendants visited the premises on or about December 14, 1929, for the purpose of collecting rent, they found that Logan had, without notice to them, abandoned the premises and delivered the same to the plaintiffs, together with certain personal property that had been used by him

in operating the station, whereupon defendants released the station at a monthly rental of $100 per month to the plaintiffs who continued to operate it until about June 20, 1930, when they ceased to so do in their own name and right, but continued as mere agents of the Magnolia Petroleum Company, to which defendants again leased the premises.

The defendants further alleged that at the time of Logan's abandonment of the lease he was indebted to them for rentals in the sum of $250; that at the time plaintiffs ceased to operate the station for themselves and the Magnolia Petroleum Company took charge under the lease to it, they (the plaintiffs) were indebted to defendants for unpaid rents in the sum of $100.65, for all which rents they had the landlord's lien upon the properties referred to in plaintiffs' petition, and to recover which and to enforce said lien defendants had instituted a suit in the county court of Wichita county against said Logan and the plaintiffs, which was still pending undisposed of; that soon after said lease to the Magnolia Petroleum Company that company demanded that all property listed in the plaintiffs' petition and alleged to have been converted be removed from the filling station premises, whereupon defendants, not knowing the whereabouts of Logan or of plaintiffs who also had abandoned the lease, removed said properties across the street to a house of their own, where it had since remained in good condition. Defendants further pleaded that said suit in the county court be consolidated with the one before the court and that they be permitted by way of cross-action to replead and establish the amount of their unpaid rents and landlord's lien.

The plaintiffs replied by general and special denials, and particularly excepted to that portion of the defendant's answer which sought to consolidate the suits, replead, and by cross-action establish rents, etc., admitting that they were indebted to defendants in the sum of $100 for unpaid rents. The court sustained this special exception and submitted the case to the jury which had been impaneled upon special issues, which, with the answers of the jury thereto, read as follows:

"1. Do you find from a preponderance of the evidence that the defendant on the 25th day of August, 1930, took possession of the property in question in said filling station, with intent to deny the plaintiffs' possession of the same at any time they wanted it? Answer: Yes.

"2. Find from a preponderance of the evidence the reasonable cash market value of the property in question on the 25th day of August, 1930, in Electra, Texas. Answer in dollars and cents. Answer: $1175.00."

The court further found from the undisputed evidence that the writ of sequestration had been wrongfully issued and that the plaintiffs were due defendants $100.65 for un-

paid rents, and accordingly rendered judgment for plaintiffs for the sum of $1,074.35, with interest thereon at the rate of 6 per cent. per annum from the 30th day of April, 1931, together with all costs of suit, and from this judgment the defendants have duly prosecuted this appeal.

■ As the case is presented on this appeal, we find it necessary to discuss but a single one of the numerous assignments of error. As already indicated, the defendants below pleaded, in substance, among other things, the institution of a suit in the county court against Logan and the appellees in this case to foreclose the landlord's lien on the property involved, and they prayed the court for permission to consolidate the county court case with the one before the court, and that they might be permitted to replead and establish the indebtedness of the parties and the right to the lien. Error is assigned to the action of the court in refusing this request and we think the assignment must be sustained. It is manifest that the defendants as landlords were interested in the property and in its preservation to the end that it might be subjected to the payment of rentals alleged to be due, but the defendants did not allege that the taking of the property involved was for the mere purpose of protection and offer its return subject to their liens; on the contrary, they denied the right of plaintiffs and failed to tender a return of the property, and hence they may be treated as having converted the property, especially in view of the jury's finding that it was seized and removed with "intent to deny the plaintiffs' possession of the same at any time they wanted it," and there is no assignment attacking this finding as unsupported by the evidence. See Bridgeport Mach. Co. v. Geers (Tex. Civ. App.) 36 S.W.(2d) 1047; Hofschulte v. Panhandle Hdwe. Co. (Tex. Civ. App.) 50 S. W. 608. But it was held in Schwulst v. Neely (Tex. Civ. App.) 50 S. W. 608, 609, quoting from the headnotes, that: "Though a landlord, who disposes of his tenant's property left in his possession after the latter vacates the premises, without proceeding to foreclose his landlord's lien thereon, is liable to an action of conversion, he may plead as a set-off pro tanto the amount due him for rent, as he came into possession of the property in a lawful manner."

■■ The ruling so announced, we think, may be applied as at least equitable under the circumstances of the case before us. Indeed, the plaintiffs who sue for conversion seem to so recognize, for they themselves tendered as an offset to their recovery for the value of the property the $100.65 which they alleged was due from them as rent. The defendants alleged that Logan also was indebted to them for unpaid rent in the sum of $250, to secure

which they had the landlord's lien on certain of the property listed by the plaintiffs as having been converted. Logan was not a party and hence not bound by any judgment in this case. The plaintiffs in their pleadings admitted that they had purchased a part of the property involved from Logan, this property being particularly specified and set out in an exhibit to plaintiffs' petition. They also alleged that that property had been purchased from Logan, and to secure a part of the purchase price they had executed and delivered to Logan a mortgage thereon for $500. It nowhere appears that plaintiffs have discharged the mortgage by payment of the debt, and to permit them to recover the full value of property so acquired from Logan without payment or credit given for the Logan mortgage and the defendants' landlord lien, and thus open the door, perhaps, to another suit against defendants by Logan for conversion, is manifestly inequitable.

In Jones on Mortgages, § 1367, p. 1057, it is said: "In determining who are the proper and necessary parties to a bill to foreclose a mortgage, two fundamental principles in all proceedings in equity must be kept in view; first, that no one shall be adjudged as to his rights except he is before the court; and second, that the rights of all persons interested in the object of the suit shall be provided for in the determination of it. It is the constant aim of a court of equity to do complete justice, by deciding upon and settling the rights of all persons interested in the subject of the suit, to make the performance of the order of the court perfectly safe to those who are compelled to obey it, and to prevent further litigation."

We therefore think the court erred in refusing to permit the defendants to replead, make Logan a party, and have the right and equities of all the parties concluded by the judgment to be rendered. Of course, technically, there could be no consolidation of the suit in the county court with that of a district court; but we think the defendants' application may be treated as an abandonment of the suit in the county court with reliance upon rights to be set up in a repleading. This is especially true in view of allegations, in the pleadings of the plaintiffs, to the effect that the county court was without jurisdiction of the suit by the defendants therein pending.

Numerous other assignments have been duly considered; but in view of a reversal of the judgment and of another trial, the questions may not be again presented or involved. We will not therefore discuss them, but finally conclude that the judgment of the trial court should be reversed, and the cause remanded for another trial not inconsistent with this opinion.