### KILGORE v. DE VAULT et ux.
### No. 2763.

Court of Civil Appeals of Texas. Beaumont.
May 20, 1935.

Rehearing Denied May 22, 1935.

Thos. J. Baten, of Beaumont, for appellant.

E. B. Votaw and M. L. Lefler, both of Beaumont, for appellees.

O'QUINN, Justice.

Defendants in error were plaintiffs below, and plaintiff in error was defendant. We shall refer to them as plaintiffs and defendant.

Plaintiffs sued defendant in the district court of Jefferson county for conversion of certain household furniture, alleged to be of the value of $632.45. The petition itemized the property and stated the value of each item. They alleged that by defendant's conversion of the property they had been deprived of the use thereof to their damage in the sum of $500. Upon allegations of a designed, willful, and malicious wrongful taking, they asserted exemplary damages in the sum of $2,500. Their prayer was for recovery of each of the items of damage alleged.

Defendant answered by general demurrer, general denial, and specially pleaded matters of defense not necessary to be stated.

The case was tried to a jury upon special issues in answer to which they found in favor of plaintiffs for the value of the alleged converted property in the sum of $300, and against plaintiffs for special and exemplary damages. Judgment was rendered for plaintiffs in the sum of $300. Motion for a new trial was overruled, and the case is before us on appeal by writ of error.

The assignment that the court erred in refusing defendant's motion for an instructed verdict is overruled. The contention is that one whose property is damaged or converted is under the legal duty to use ordinary care to prevent or minimize his damages or prevent the loss. Conceding that the rule urged is sound, yet it does not apply to the instant case on the facts. De Vault and wife were the tenants of Kilgore. They were some $20 behind with their rent. Kilgore had made several attempts to collect, De Vault telling him that he did not have the money, but would pay the rent when he could. Finally, one day when both De Vault and his wife were away from home, Kilgore obtained a truck and went to the house, loaded all the household goods and furniture of the De Vaults, including wearing apparel, cooking utensils, etc., into the truck and carried them to the Texas Storage Company

and there stored them in his name for De Vault, that is, to be delivered to De Vault if he called for them. De Vault learned of the whereabouts of his household goods and furniture and went to the office of the storage company and made inquiry, and was told that Kilgore had stored the furniture and household goods there. No storage charges had been paid. De Vault said that he had no money with which to pay the storage charges or to pay for hauling the property away. The property was placed in storage by Kilgore on January 4, 1933. On January 22, 1933, Kilgore paid for one month's storage, or for storage up to February 4, 1933. No further payment of storage charges was made, and later the household goods and furniture were all sold for storage charges. The date of the sale does not appear. Kilgore did not attend the sale.

 It is insisted by defendant in support of his assignment that it was the duty of plaintiffs to have paid the storage charges, the removal charges, and have taken their household furniture out of the storage warehouse. Kilgore had ample and speedy lawful means and remedy to obtain possession of his premises. He did not resort to them, but took possession of plaintiffs' property situated in the house and placed it in storage without the knowledge or consent of plaintiffs. This was a distinct act of dominion wrongfully asserted over plaintiffs' property and in denial of their rights, and in law amounted to conversion of the property. Crawford v. Thomason, 53 Tex. Civ. App. 561, 117 S. W. 181 (writ refused). Nor was it the duty of plaintiffs to have accepted the offer of return of the property after it had been converted, for it is well settled that when a wrong complained of amounts to conversion, the injured party has the right to so treat it and to sue for the value of the property so converted, and also to refuse to accept it when the wrongdoer offers to return it. Weaver v. Ashcroft, 50 Tex. 427; Henderson v. Beggs (Tex. Civ. App.) 207 S. W. 565; Crawford v. Thomason, 53 Tex. Civ. App. 561, 117 S. W. 181; King v. Boerne State Bank (Tex. Civ. App.) 159 S. W. 433 (writ refused); Kolp v. Prewitt (Tex. Civ. App.) 9 S.W.(2d) 490; Bridgeport Machine Co. v. Geers (Tex. Civ. App.) 36 S.W.(2d) 1047.

 Assignments two, three, and four, which complain that the court erred in permitting the introduction of evidence going to show the actual or intrinsic value of the alleged converted property to the plaintiffs in the absence of proof that the property had no market value, are overruled. There was no allegation that the property converted had a market value in the vicinity where it was converted. The allegations were of the special or actual value to the plaintiffs of the household goods and furniture converted by defendant. There was no exception to the pleading of value, and under the authority of Wutke v. Yolton (Tex. Civ. App.) 71 S.W.(2d) 549 (writ refused), the pleading was sufficient to support the introduction of evidence of the actual value of the property, and the record amply supports the jury's finding of value.

No error appearing, the judgment should be affirmed, and it is so ordered.

Affirmed.