**HICKS RUBBER CO., DISTRIBUTORS, v. STACY et al.**

**No. 8840.**

Court of Civil Appeals of Texas. Austin.

Nov. 1, 1939.

Walter Pierson and Cofer & Cofer, all of Austin, for appellant.

Hart, Patterson, Hart & Brown, of Austin, for appellee.

BLAIR, Justice.

Appellant, Hicks Rubber Company, Distributors, a corporation, sued appellees, Harwood Stacy and D. C. Clarke, individually and as partners under the firm name of Louisville Development Company, for damages for conversion of an ornamental sign, for trespass upon the leased land upon which the sign was located, and for exemplary damages.

The undisputed facts showed that appellant owned a lease on a small portion of a 60-acre tract, was in possession of it, and had built a large ornamental advertising sign thereon. Afterwards, appellees purchased the 60-acre tract of land from appellant's lessor, and went into possession of it, and notified appellant to remove the sign; which appellant refused to do. While appellant's attorney and appellee Stacy were discussing the matter, appellee Clarke sawed the sign down and moved it off the leased premises where the sign was located, and placed it on other premises of appellees, and took possession of the leased premises.

At the conclusion of the evidence, the trial court refused to submit the issue of conversion as requested by appellees, but submitted only the issues as to damages, concluding that the undisputed facts established conversion of the sign.

In answer to the special issues submitted, the jury found that the value of the balance of the term of the lease and sign just before the sign was taken to be $500. The jury also found the value of the sign after it had been taken down and removed from the leased premises to be $425. The jury found damages for trespass upon the leased premises to be $1. They found further that appellees acted

maliciously in taking the sign down and removing it from the leased premises; but that appellant suffered no exemplary damages.

Appellant filed its motion that the court ignore the jury's finding that the value of the sign was $425 after its removal from the leased premises, and to render judgment for it for $500, with 6% interest from the date of removal of the sign by appellees. The trial court overruled the motion, and rendered judgment for appellant for $76, being the difference in the value of the sign before and after its removal by appellees, plus $1 for the trespass of appellees upon appellant's lease; hence this appeal.

Appellant contends that the trial court erred in mitigating the damages to the extent of the value of the sign after it had been removed from the premises, which appellees offered to return, but did not offer to return the leased premises for the balance of the leasehold term. On the other hand, appellees contend that having tendered the sign to appellant they did not convert appellant's property; and that appellant failed to distinguish between the doctrine of asportation and conversion. We have reached the conclusion that the trial court erred as contended by appellant.

The law is well settled in Texas that where property has been converted, other than under circumstances which would be a technical conversion or the result of a mistake, no tender of the converted property may be shown in mitigation of damages for conversion. Kolp v. Prewitt, Tex.Civ.App., 9 S.W.2d 490; Crawford v. Thomason, 53 Tex.Civ.App. 561, 117 S.W. 181 writ refused; Kilgore v. De Vault, Tex.Civ.App., 82 S.W.2d 1048; Bridgeport Mach. Co. v. Geers, Tex.Civ. App., 36 S.W.2d 1047, writ dismissed; Edwards v. Thannisch, Tex.Civ.App., 254 S.W. 523; Gulf C. & S. F. R. Co. v. Buckholts State Bank, Tex.Com.App., 270 S.W. 1008; Baker v. Black, Tex.Civ.App., 83 S.W.2d 811; 42 Tex.Jur., § 28, p. 539 and § 67, p. 585. In Crawford v. Thomason, supra, the court say [53 Tex.Civ.App. 561, 117 S.W. 184]: " * * * it is well settled by the authorities that, when a wrong complained of amounts to a conversion, the injured party has the right to so treat it and to sue for the value of the property so taken, and also to refuse to accept it when the wrongdoer offers to re-

turn it. Weaver v. Ashcroft, 50 Tex. [427], 444; Hofschulte v. Panhandle Hardware Co. (Tex.Civ.App.) 50 S.W. 608."

In the instant case, appellees knew that they had no right to remove the ornamental sign from the leased premises, but desiring possession of the leased premises so that they might use them, and without the consent and over the protest of appellant, and while negotiations were being had by one of the appellees with appellant with regard to the matter, the other appellee sawed the sign down and removed it from the premises. Appellees made no tender of the leased land, but simply tendered the sign after its removal, and offered to permit the sign to be erected on another lot of land belonging to them. Thus appellees deprived appellant of its lease of the land; they sawed its sign down and forcibly removed it from the leased premises to their own premises, where it has continuously been in their possession. Manifestly the tearing down and removing of the sign from the leased premises constituted conversion of it, which acts were tortious, and as found by the jury malicious.

If applicable in Texas, the doctrine of "wrongful asportation" of a chattel, as contended for by appellees, has no application to the facts of the instant case. It seems to be the contention of appellees that the doctrine of wrongful asportation means that in order to establish conversion it must clearly appear that the taker converted the property to his own use; and that since appellees tendered the sign to appellant they were not guilty of conversion, but the removal of the sign was a mere wrongful asportation of it; and that appellees were therefore entitled to offset the value of the sign after it was taken from the leased premises from the damages occasioned by the wrongful asportation of it. Such is not the true doctrine of asportation, which is analyzed in 26 R.C. L., 1111, as follows: "According to Lord Mansfield 'a mere wrongful asportation of a chattel does not amount to a conversion, unless the taking or detention of the chattel is with intent to convert it to the taker's own use, or that of some third person, or unless the act done has the effect of destroying or changing the quality of the chattel.' As a logical deduction from this doctrine it would clearly seem that the defendant, in order to be guilty of conver-

sion, must have converted the property to his own use; and if not, then any other act, to amount to conversion, must be done with a wrongful intent, either express or implied. In other words the intent of the defendant should be taken into consideration when his act is otherwise equivocal."

■ The facts of the instant case show a conversion under two exceptions stated in the quoted rule: 1) destroying or changing the quality of the chattel taken; and 2) taking it or removing it from the leased premises with wrongful intent, either express or implied, or wilfully and with malice, as found by the jury. The sign was a large one, built on posts set in concrete six feet in the ground. Appellees sawed the posts off and left the remainder of them and the concrete base in the ground, and took possession of the leased premises on which the chattel was located as a fixture and not a part of the leased land, but a part of the leasehold estate; and appellees tore down and removed the sign and took possession of the leased premises, knowing that they had no legal right to do so. These facts bring the case within the rule announced in numerous Texas cases to the effect that the wrongful or unauthorized taking of personal property from the possession of the owner is a conversion; and that the exercise of any dominion over the property, wrongfully and in denial of or inconsistent with the owner's right, which amounts in law to an illegal assumption of ownership, is a conversion. 42 Tex.Jur., pp. 518-519, §§ 12 and 13, and cases there cited.

As owner of the leasehold estate and the sign situated thereon, and in jurisdictions applying the doctrine of wrongful asportation of chattels, appellant would have had the election of three remedies under the facts of the instant case. These remedies as against one wrongfully severing and removing fixtures is brought out in the case of Wadleigh v. Janvrin, 41 N. H. 503, 77 Am.Dec. 780, wherein the court say: "The plaintiff might, it is true, have made the wrongful entry of the defendant the gist of his action, and have brought trespass quare clausum * * * but he had a right to qualify the tort by waiving the wrongful entry, and rely only upon the wrongful taking and carrying away. He might have still further waived the wrongful taking and carrying away, and have sued in trover for the conversion alone; since, where the whole merits of a case are discussed and determined in one action, the judgment may be pleaded and shown in evidence in bar to another. It is not for the defendant to complain that the plaintiff has waived some portion of his legal rights. He is certainly in no worse condition than if they had been insisted upon. Trover and trespass are generally concurrent remedies for the unlawful taking and conversion of personal property."

In the instant case appellant elected to pursue his remedy of trover and trespass for the unlawful taking and conversion of the personal property, the advertising sign.

■ Nor is there any merit to the contention of appellees that since they offered to permit appellant to place its sign on other premises of appellees, they were, therefore, entitled to plead and prove that fact in mitigation of the damages for the conversion of the sign from the premises leased by appellant. Manifestly, one who has wrongfully converted personal property should not be allowed to dictate or stipulate a condition which the owner of the property is bound to comply with in order to have the property returned to him. Kolp v. Prewitt, supra.

■ Nor do we sustain the contention of appellees that a demand and refusal to return the property were necessary before suit could be instituted for its conversion. Where the taking of the property is wrongful, demand is not a condition precedent to the right to sue for conversion of it. Cotten v. Heimbecher, Tex.Civ.App., 48 S.W.2d 402.

■ We conclude that the trial court erred in deducting from the reasonable value of the converted property the value of it immediately after its conversion. The trial court should have rendered judgment for the $500 found by the jury to be the value of the property converted, together with $1 for trespass upon the leased premises, and for interest at the rate of 6% per annum on the value of the converted property from the date of the judgment of the trial court; and accordingly judgment is here rendered for appellant against appellees, jointly and severally.

■ In this connection appellant contends that it is entitled to interest at the legal rate on the value of the property converted from the date of its conversion as a part of the damages sought. But appellant failed to plead for interest as damages,

and therefore cannot recover such interest damages from the date of the accrual of the cause of action. Appellant sought to recover several specific items of damages, including an item of $750 as the value of the property converted, and its prayer was for exactly the sum total of the several specific items of damages alleged. It did not pray for damages exceeding the sum total of the specific items of damages alleged, and is therefore not entitled to recover interest under its prayer for general relief. The identical question was decided in the case of Texas Power Corporation v. Kuehler, Tex.Com.App., 52 S.W.2d 76; the court holding that, where prayer was for damages for the exact amount claimed as the market value of property destroyed (or converted as in the instant case), the court could not, under the prayer for general relief, allow damages as interest merely because the jury found the market value of the property was less than that alleged.

Appellant states that if we reverse and render the cause as we have, it does not further urge the several propositions in its brief, which would if sustained only reverse and remand the cause for another trial.

The judgment of the trial court is reversed, and judgment is here rendered for appellant against appellees, in accordance with this opinion.

Reversed and rendered.